Erik F. Stidham (ISB #5483)
Jennifer M. Jensen (ISB #9275)
Zachery J. McCraney (ISB #11552)
HOLLAND & HART LLP
800 W. Main Street, Suite 1750
Boise, ID 83702-7714
Telephone:  208.342.5000
Facsimile:  208.343.8869
efstidham@hollandhart.com
jmjensen@hollandhart.com
zjmccraney@hollandhart.com

Attorneys for Respondents

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| AMMON BUNDY, AMMON BUNDY FOR GOVERNOR, DIEGO RODRIGUEZ, FREEDOM MAN PAC, PEOPLE'S RIGHTS NETWORK, and FREEDOM MAN PRESS LLC,<br><br>Petitioners.<br><br>vs.<br><br>ST. LUKES HEALTH SYSTEM LTD, ST. LUKES REGIONAL MEDICAL CENTER LTD, CHRIS ROTH, NATASHA ERICKSON, MD, and TRACY JUNGMAN,<br><br>Respondents. | Case No. 1:23-cv-00212-DCN<br><br>**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS PETITION OR REMAND TO STATE COURT** |

COME NOW Respondents St. Luke's Health System LTD, St. Luke's Regional Medical Center LTD, Chris Roth, Natasha Erickson, MD and Nurse Practitioner Tracy Jungman (collectively the "St. Luke's Parties") and hereby submit their Memorandum in Support of their Motion to Dismiss the Petition or Remand to State Court.

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS PETITION OR REMAND TO STATE COURT - 1**

I.     INTRODUCTION

In March last year, Ammon Bundy ("Bundy") acting in concert with the other Defendants, engaged in a grift, recklessly exploiting the tragic circumstances surrounding an infant who was taken into protective custody by the Idaho Department of Health and Welfare. Seeking to benefit financially and to enhance their standing among their followers, Bundy (a former candidate for Governor and founder and leader of the activist People's Rights Network ("PRN")) and Diego Rodriguez ("Rodriguez") (an aspiring political and religious figure, acolyte of Bundy, and consultant and spokesperson for the Ammon Bundy for Governor campaign) acted in concert with the other defendants to launch a knowingly dishonest smear campaign that claimed Idaho State employees, the judiciary, the police, primary care providers, and the St. Luke's Parties engaged in a widespread conspiracy to kidnap Christian children and traffic those children to homosexual couples who would then sexually abuse and kill the children.  In furtherance of his grift, Bundy engaged in a number of wrongful acts. Bundy had his campaign livestream him when he blocked an ambulance bay at St. Luke's Meridian, causing diversion of emergency vehicles. Bundy directed his followers to disrupt St. Luke's operations. He falsely targeted a doctor, a nurse practitioner, and the CEO of St. Luke's, causing his followers to harass and dox those individuals. And on March 15, 2022, Bundy broadcast a directive to the members of his militia PRN to amass an armed siege of St. Luke's in Boise in order to get the infant back, resulting in the entire hospital locking down and ambulances again having to divert to other hospitals.

This lawsuit has been pending for nearly a year and is set for trial in a few weeks. Bundy has never appeared, has been sanctioned multiple times, and is avoiding contempt proceedings

for witness intimidation. Throughout the litigation process, Bundy has continued to defame and spread lies about his false conspiracy.

Bundy's petition for removal (the "Petition") is yet another obstructionist tactic. The Petition has no merit. There is no basis for federal subject matter jurisdiction. And the Petition is untimely and omits the operative complaint, which plainly demonstrates the lack of jurisdiction. The Petition is simply a bid for more time while Bundy attempts to hide his assets and continues to use his family and acolytes as human shields to prevent his arrest.

This Court should dismiss the Petition or remand the case to state court. The St. Luke's Parties do not prefer state court over federal court (or vice versa). But federal subject matter jurisdiction is clearly lacking here. And with trial close at hand, any delay in proceedings prejudices the St. Luke's Parties. Where, as here, there is no subject matter jurisdiction, this Court may act immediately to dismiss or remand, doing so *sua sponte*. The St. Luke's Parties request that this Court dismiss or order remand as soon as possible and award them their attorneys' fees incurred in responding to the Petition.

## II. BACKGROUND

A few weeks after Bundy incited the disruptions at St. Luke's, St. Luke's, its CEO Chris Roth, and one of the doctors who had been the target of Defendants' smear campaign, Natasha Erickson, filed suit against Bundy, PRN, Ammon Bundy for Governor ("Bundy Campaign"), Bundy's acolyte Diego Rodriguez, and Rodriguez's entities Freedom Man Press and Freedom Man PAC. Declaration of Jennifer M. Jensen ("Jensen Decl."), ¶ 3. The St. Luke's Parties brought state law claims for defamation, false-light invasion of privacy, intentional infliction of emotional distress, common law trespass, statutory trespass, violation of Idaho's Unfair Business

Practices Act, violation of Idaho's Charitable Contributions Act, and civil conspiracy. *Id.* All of the Plaintiffs are Idaho citizens, and at least four of the Defendants are Idaho citizens. *Id.*, ¶ 4.

This case has been pending for almost a year in state court. *Id.*, ¶ 6, Ex. B. It is set to go to trial in a few weeks, starting July 10, 2023. *Id.*, ¶ 7. Bundy has never filed an appearance or anything else in the lawsuit, nor have the entities he controls (PRN and the Bundy Campaign). *Id.* He was properly served with the then-operative summons and complaint on July 12, 2022, nearly ten months ago. *Id.* Bundy and his entities are in default under the current operative complaint, the Fourth Amended Complaint. *Id.*

Although Bundy and his entities have not appeared in the lawsuit, they have continued their smear campaign, adding new factual bases to the existing causes of action with the escalating misconduct. *Id.*, ¶ 8. The first amendment added a new Plaintiff (Nurse Practitioner Tracy Jungman) when Defendants began to harass and dox her, spreading false conspiracy theories about her kidnapping and molesting children. *Id.* The second and third amendments to the Complaint occurred concurrently—one amendment to allege punitive damages under Idaho Code § 6-1604 and one amendment to update factual allegations as they had developed during the pendency of the lawsuit. *Id.* The St. Luke's Parties were granted a fourth amendment to the Complaint to add further factual allegations, substantiated by video evidence of Bundy's misrepresentations and harassment of the Plaintiffs, which he had perpetrated after the Third Amended Complaint had been filed. *Id.*

Bundy and the other Defendants have obstructed the lawsuit's progress every step of the way, resulting in multiple orders granting sanctions and five motions for contempt. *Id.*, ¶ 9. The state court has sanctioned Bundy multiple times and entered a preliminary injunction and protective order requiring that Bundy stop harassing, intimidating, and threatening witnesses in

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS PETITION OR REMAND TO STATE COURT - 4**

the lawsuit. *Id.*, ¶ 9, Ex. C, Ex. D. Four of the five motions for contempt have been against Bundy. *Id.*, ¶ 9. Based on video evidence and online statements authored by Bundy submitted with the contempt motions, the state court found probable cause that Bundy had indeed violated the court's orders prohibiting witness intimidation. *Id.* Because Bundy refused to appear in court on the contempt proceedings, the court entered a warrant of attachment under I.R.C.P. 75, to bring him before the court (to satisfy statutory and due process requirements that he attend the hearing on contempt rather than have the contempt action proceed in his absence). *Id.* In response, Bundy summoned his followers to form a blockade on his residential property, in order to prevent arrest by the sheriff—or at least to prevent a non-violent arrest. *Id.*

With the trial for this case only weeks away, Bundy filed his Petition, seeking removal of a nearly one-year long lawsuit in which he has serially violated the state court's orders. *Id.*, ¶ 10. Further, because Bundy is in default, the St. Luke's Parties are entitled to proceed against him whenever the state court permits on the issue of the amount of damages, including punitive damages. *Id.* As Bundy is aware, on May 23, 2023, there is a scheduling conference to address the damages trial against him and his Defendant entities. *Id.* If jurisdiction over the case is disrupted long enough through his removal action, he will obtain a delay in the judgment against him.

Bundy has publicly admitted that he is hiding his assets. *Id.*, ¶ 11 (citing https://rumble.com/v22v9ik-interview-with-ammon-bundy-12282022.html at 45:37-49:58). Permitting him to delay a judgment against him through a sham removal will only give him more time to do so.

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS PETITION OR REMAND TO STATE COURT - 5**

### III.     ARGUMENT

**A.     A Court Must Dismiss or Remand When Subject Matter Jurisdiction Is Absent.**

**1.     A Court Must Dismiss When Subject Matter Jurisdiction Is Lacking.**

Federal Rule of Civil Procedure 12 mandates dismissal of an action when subject matter jurisdiction is lacking. F.R.C.P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). The court has an independent duty to assure that subject-matter jurisdiction exists. *Wash. Envt'l Council v. Bellon*, 732 F.3d 1131, 1139 (9th Cir. 2013). Accordingly, the court may dismiss *sua sponte*. *See Scholastic Entm't, Inc. v. Fox Entm't Grp., Inc.*, 336 F.3d 982, 989 (9th Cir. 2003) (affirming sua sponte dismissal).

**2.     A Court Must Remand an Action That Is Removed Without Subject Matter Jurisdiction and May Remand for Procedural Defects in Removal.**

"A motion to remand may be brought under 28 U.S.C. § 1447(c) on the grounds of a defect in the removal process or if the district court lacks subject matter jurisdiction." *Eckwortzel v. Crossman*, 561 F. Supp. 2d 1144, 1148 (D. Idaho 2008).

If the court lacks subject matter jurisdiction, it is required to remand the case to state court and may do so *sua sponte*. *Maniar v. Fed. Deposit Ins. Corp.*, 979 F.2d 782, 785 (9th Cir. 1992); *see also* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."). Remand due to procedural defects, on the other hand, requires a motion. *Kelton Arms Condo. Owners Ass'n v. Homestead Ins. Co.*, 346 F.3d 1190, 1192 (9th Cir. 2003).

The party invoking removal jurisdiction bears the burden of proving jurisdiction. *Id.* To determine whether there is a jurisdictional basis for removal, the district court considers the

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS PETITION OR REMAND TO STATE COURT - 6**

allegations of the complaint, facts presented in the removal petition, and "any summary-judgment-type evidence" at the time of removal. *Wilson v. Union Sec. Life Ins. Co.*, 250 F. Supp. 2d 1260, 1263 (D. Idaho 2003).

The court must "strictly construe the removal statute against removal jurisdiction." *Sharma v. HSI Asset Loan Obligation Trust 2007-1*, 23 F.4th 1167, 1170 (9th Cir. 2022) (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)). "[W]here doubt regarding the right to removal exists, [the] case should be remanded to state court." *Wilson*, 250 F. Supp. 2d at 264 (quoting *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003)).

### B. Here, the Petition Must Be Dismissed or the Action Remanded Because There Is No Subject Matter Jurisdiction.

#### 1. There Is No Diversity Jurisdiction.

##### a) Diversity jurisdiction requires complete diversity.

Diversity jurisdiction under 28 U.S.C. § 1332(a) requires complete diversity of citizenship. *Campbell v. Pac. Fruit Express Co.*, 148 F. Supp. 209, 210 (D. Idaho 1957); *see also Nerco Delamar Co. v. N. Am. Silver Co.*, 702 F. Supp. 809, 812 (D. Idaho 1989) (remanding to state court due to lack of complete diversity).

A corporation is "deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business[.]" 28 U.S.C. § 1332(c)(1). An unincorporated association "has the citizenships of all of its members." *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) (citing *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990)).

### b) Complete diversity is lacking because all Plaintiffs are Idaho citizens, and at least four of the six Defendants are Idaho citizens.

Here, complete diversity is lacking. All of the St. Luke's Parties are citizens of Idaho. The individual Plaintiffs all live in Idaho, and the corporate entity Plaintiffs have their principal place of business in Idaho. Dkt. 5-3, ¶¶ 7-11; Jensen Decl., Ex. A at ¶¶ 7-11; 28 U.S.C. § 1332(c)(1) (corporation deemed citizen where it has its principal place of business).

Ammon Bundy, the defendant who filed the Petition, is a citizen of Idaho. Dkt. 5-3, ¶ 12; Jensen Decl., Ex. A at ¶ 12. In fact, the Petition he filed lists his Emmett address in the caption. *See* Dkt. 1 (Petition) at 1. And the Defendants he controls are also Idaho citizens. Defendant People's Rights Network, his militia, is an unincorporated association, with a membership he claims numbers over 60,000. Dkt. 5-3, ¶ 20; Jensen Decl., Ex. A at ¶ 20. PRN is deemed to be an Idaho citizen by virtue of Bundy's citizenship here. *See Johnson*, 437 F.3d at 899 (unincorporated association deemed citizen where each member resides). And Defendant Ammon Bundy for Governor is an Idaho political organization formed for the ostensible purpose of funding Bundy's run for governor of this state. Dkt. 5-3, ¶ 15; Jensen Decl., Ex. A at ¶ 15.[1]

The other Defendants in the case are Diego Rodriguez, Freedom Man Press, LLC, and Freedom Man PAC. Freedom Man PAC is an Idaho registered political action committee, registered with the Idaho Secretary of State. Dkt. 5-3, ¶ 19; Jensen Decl., Ex. A at ¶ 19.[2] As for Defendant Rodriguez and Defendant Freedom Man Press, it is difficult to determine their

---

[1] *See also* https://sunshine.sos.idaho.gov/?campaigns[0][value]=1635 (showing Ammon Bundy for Governor is registered with the Idaho Secretary of State with an Emmett P.O. Box address).
[2] *See also* https://sunshine.sos.idaho.gov/?campaigns[0][value]=1357&campaign_types[Candidate]=0&campaign_types[PAC]=1 (showing Freedom Man PAC is registered with the Idaho Secretary of State with a Meridian address.

citizenship. Dkt. 5-3, ¶¶ 16, 18; Jensen Decl., ¶ 4, Ex. A at ¶¶ 16, 18. While Rodriguez claims to have moved out of Idaho, he has refused to answer discovery requests providing a current address, other than a "virtual" Florida address, where he has claimed he does not reside but rather uses solely to receive his mail. *Id.*, ¶ 4.

In any event, Rodriguez's and Freedom Man Press's citizenship are of no moment. Complete diversity is required under 28 U.S.C. § 1332(a), and any one of the four Defendants who are clearly Idaho citizens vitiate diversity jurisdiction.

### 2.   There Is No Federal Question Jurisdiction.

#### a)   Federal question jurisdiction depends on the causes of action set forth in a properly pleaded complaint.

"'[F]ederal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.'" *Newtok Vill. v. Patrick*, 21 F.4th 608, 616 (9th Cir. 2021) (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)). "A cause of action 'arises under' federal law only if federal law 'creates the cause of action' or a 'substantial question of federal law is a necessary element' of a plaintiff's well-pleaded complaint.'" *Id.* (quoting *Coeur d'Alene Tribe v. Hawks*, 933 F.3d 1052, 1055 (9th Cir. 2019)).

Accordingly, a defendant may not create federal question jurisdiction by alleging federal defenses. *See Hall v. N. Am. Van Lines, Inc.*, 476 F.3d 683, 687 (9th Cir. 2007) (holding there was no federal question jurisdiction because plaintiff's claim relied exclusively on state law, and federal preemption defense did not invoke jurisdiction).

#### b)   Federal question jurisdiction is absent because all claims arise under state law.

Here, all causes of action arise from state law. Plaintiffs have alleged claims for violations of Idaho statutes: (1) violation of Idaho's civil trespass statute, (2) violation of Idaho's

Unfair Business Practices Act, and (3) violation of Idaho's Charitable Solicitation Act. Dkt. 5-3, ¶¶ 178-221; Jensen Decl., Ex. A at ¶¶ 178-221. And Plaintiffs have alleged Idaho common law claims: (1) defamation, (2) false light invasion of privacy, (3) intentional infliction of emotional distress, (4) common law trespass, and (5) civil conspiracy. *See* Dkt. 5-3, ¶¶ 140-177, 222-227; Jensen Decl., Ex. A at ¶¶ 140-177, 222-227.

Although he attempts to do so, Bundy cannot create federal question jurisdiction by alleging a federal defense. *See* Dkt. 1 (Petition) at 1 ("Jurisdiction and Venue is proper before this Court . . . in that this case involves Federal Civil Rights violations against Petitioners and also done under color of law[.]"). In the Petition, Bundy alleges that he and his constitutional rights have "been put in jeopardy" by the St. Luke's Parties' lawsuit, which seeks redress for Bundy mobilizing an armed mob to St. Luke's last year, causing the hospital to go into lockdown, and threatening the lives of all within its walls. *See* Dkt. 1 (Petition) at 2; Dkt. 5-3; Jensen Decl., Ex. A.

Even if Bundy legitimately had a federal constitutional defense (which he does not), the law is clear that a defense arising under federal law does not create federal question jurisdiction. *See, e.g.*, *Newtok Vill.*, 21 F.4th at 616; *Hall*, 476 F.3d at 687.[3]

---

[3] The Petition also cites "28 U.S.C. Sections 1343(3) and (4)" as a basis for federal question subject matter jurisdiction. Dkt. 1 at 1. Presumably, Bundy refers to 28 U.S.C. § 1343(a)(3)–(4). But that statute does not apply because it only confers jurisdiction over equal civil rights claims—not defenses. *See id.* ("The district courts shall have original jurisdiction of any civil action authorized by law **to be commenced by any person** . . . (3) **To redress** the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States; (4) **To recover damages or to secure equitable or other relief** under any Act of Congress providing for the protection of civil rights, including the right to vote.") (emphasis added).

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS PETITION OR REMAND TO STATE COURT - 10**

### 3. To the Extent Bundy Has Raised the Equal Civil Rights Removal Statute (28 U.S.C. § 1443) as a Basis for Removal, It Is Unavailing.

Without providing analysis, the Petition cites 28 U.S.C. § 1443. That statute states:

> Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:
>
> (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;
>
> (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

Removal under § 1443 is very limited. Subsection (1) does not apply to constitutional rights generally. *Greenwood v. Peacock*, 384 U.S. 808, 825 (1966). Rather, the statutory language "equal civil rights" means "specific civil rights stated in terms of racial equality." *Georgia v. Rachel*, 384 U.S. 780, 792 (1966); *Patel v. Del Taco, Inc.*, 446 F.3d 996, 999 (9th Cir. 2006) (same). Moreover, for § 1443(1) removal to be proper, the petitioner "must assert that the state courts will not enforce that right, and that allegation must be supported by reference to a state statute or constitutional provision that purports to command state courts to ignore the federal rights." *Patel*, 446 F.3d at 999.

Removal is improper under 28 U.S.C. § 1443(1). Bundy has asserted—and indeed has—no racial equality rights defense, much less a state statute or constitutional provision that purports to command Idaho state courts to ignore such rights.

And removal is equally inapplicable under 28 U.S.C. § 1443(2). Subsection (2) "confers a privilege of removal **only** upon federal officers or agents and those authorized to act with or for them in affirmatively executing duties under any federal law providing for equal civil rights."

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS PETITION OR REMAND TO STATE COURT - 11**

*Greenwood*, 384 U.S. at 824 (emphasis added). Bundy has not alleged that he is a federal officer or agent. *See* Dkt. 1. Indeed, he is anything but.

### C.   The Motion for Remand Should Be Granted Because the Petition Is Procedurally Improper.

Because there is no subject matter jurisdiction, no further basis for remand is required. But additionally and independently, this Court may remand the action due to the procedural deficiencies with the Petition.

#### 1.   The Petition is Untimely.

Removal is subject to a 30-day deadline from service of the initial pleading. 28 U.S.C. § 1446(b)(1); *see also Arizona P.S.C. v. Michael*, No. 22-15853, 2022 WL 4074659, at *2 (9th Cir. June 28, 2022) (summarily affirming order for remand when notice of removal was not filed within 30 days after service of the initial pleading).

The initial Complaint was filed in state court on May 11, 2022. *See* Jensen Decl., ¶ 3. Bundy was properly served with the Complaint and Summons on July 12, 2022. *Id.*, ¶ 5. He filed his Petition on May 1, 2023, long after the statutory 30-day window had passed. *See* Dkt. 1 at 1. The Petition is untimely, establishing another basis for remand.

#### 2.   The Petition Did Not Attach Any Pleadings or Other Papers From the Case.

28 U.S.C. § 1446(a) requires that a notice of removal be filed "together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." The Petition does not include a copy of the Fourth Amended Complaint, inhibiting the court's review of the causes of action, which are plainly state law claims between Idaho citizens.

Bundy cites the correct statute governing procedure for removal of civil actions. *See* Dkt. 1 at 1 (citing 28 U.S.C. § 1446). True to his brand, he ignores its requirements.

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS PETITION OR REMAND TO STATE COURT - 12**

### D. The St. Luke's Parties Are Entitled to Attorneys' Fees if the Court Grants Their Motion to Remand Because Bundy Lacked an Objectively Reasonable Basis for Seeking Removal.

Attorneys' fees and costs are recoverable upon an order of remand. *See* 28 U.S.C. § 1447(c) ("An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."). Specifically, the party seeking remand may recover attorneys' fees when "the removing party lacked an objectively reasonable basis for seeking removal." *Mahoney v. Emerson Elec. Co.*, 478 F. Supp. 3d 1051, 1057 (D. Idaho 2020). "In determining whether attorney fees are appropriate, district courts should consider whether the purpose of removal was to prolong litigation and/or impose costs on the opposing party." *Id.* (internal quotation marks omitted).

Here, there is ample evidence that Bundy filed the Petition to prolong litigation and impose costs on the St. Luke's Parties. Bundy has been aware of this lawsuit since it was filed, posting publicly online about it while refusing to participate in the legal proceedings. *See* Jensen Decl., ¶¶ 8, 11. The state court had to sanction Bundy multiple times and enter a preliminary injunction and protective order requiring that Bundy stop harassing, intimidating, and threatening witnesses in the lawsuit. *Id.*, ¶ 9. The St. Luke's Parties have had to file four successive motions for contempt against Bundy because of his witness intimidation. *Id.* Based on video evidence and webpages authored by Bundy submitted with the contempt motions, the state court found probable cause that Bundy had indeed violated the court's orders prohibiting witness intimidation. *Id.* Because Bundy refused to appear in court on the contempt proceedings, the court entered a warrant of attachment under I.R.C.P. 75, to bring him before the court (to satisfy statutory and due process requirements that he attend the hearing on contempt rather than have the contempt action proceed in his absence). *Id.* In response, Bundy summoned his followers to

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS PETITION OR REMAND TO STATE COURT - 13**

form an armed blockade on his residential property in order to prevent any non-violent arrest by the sheriff. *Id.* Bundy wants to opt out of the legal system, but he is not above the law.

Bundy's Petition complains about the warrant for attachment, showing that his motive for filing for removal is solely to evade arrest and delay a judgment. As explained above, the plain language of the removal and jurisdiction statutes demonstrates he had no reasonable basis for removal. Moreover, even a cursory reading of 28 U.S.C. § 1446 makes plain that any notice of removal is untimely by months and must be supported by the complaint in the case. There is no reasonable basis to believe that these requirements may simply be ignored.

And the Petition seeks to delay proceedings and drive up costs. The trial for this case is set to begin on July 10, 2023. Changing courts or creating a delay two months before trial is disruptive and prejudicial to the St. Luke's Parties, who have diligently pursued their claims before the state court, despite the fact that Defendants have obstructed its progress every step of the way—resulting in multiple orders granting sanctions and five motions for contempt.[4] Bundy's delay tactics should not be countenanced. Fees and costs are warranted here.

## IV.   CONCLUSION

The St. Luke's Parties do not prefer state court over federal court. But the limit of federal subject matter jurisdiction is clear, and the petition either must be dismissed or the case remanded to state court.

---

[4] The St. Luke's Parties have filed one motion for contempt against Diego Rodriguez for violation of the protective order barring witness intimidation, in addition to the four motions for contempt against Bundy.

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS PETITION OR REMAND TO STATE COURT - 14**

DATED:  May 8, 2023

        HOLLAND & HART LLP

By: */s/Jennifer M. Jensen*
    Erik F. Stidham
    Jennifer M. Jensen
    Zachery J. McCraney

ATTORNEYS FOR RESPONDENTS

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 8th day of May, 2023, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

n/a

AND I FURTHER CERTIFY that on May 9, 2023 I served the foregoing on the following non-CM/ECF Registered Participants in the manner indicated:

Via first class mail, postage prepaid addressed as follows:

    Ammon Bundy
    Ammon Bundy for Governor
    People's Rights Network
    4615 Harvest Lane
    Emmett, ID 83617-3601

    Diego Rodriguez
    Freedom Man PAC
    Freedom Man Press LLC
    1317 Edgewater Dr. #5077
    Orlando, FL 32804

May 8, 2023 via email:

    Ammon Bundy – aebundy@bundyfarms.com
    Diego Rodriguez - freedommanpress@protonmail.com

                                      /s/ Erik F. Stidham
                                      Erik F. Stidham
                                      of HOLLAND & HART LLP

21434905_v1