U.S. COURTS

MAY 11 2023

Rcvd_____Filed_____Time_____
STEPHEN W. KENYON
CLERK, DISTRICT OF IDAHO

Ammon Bundy
4615 Harvest Lane
Emmett, Idaho 83617-3601
aebundy@bundyfarms.com

Defendant in Propria Persona

## IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF IDAHO

Ammon Bundy, Ammon Bundy for
Governor, Diego Rodriguez, Freedom Man
PAC, People's Rights Network, Freedom
Man Press LLC,

**Petitioners,**

vs.

St. Luke's Health System LTD, St. Luke's
Regional Medical Center LTD, Chris Roth,
Natasha Erickson, MD, Tracy Jungman,

**Respondents.**

CASE NO. 1:23-CV-212-DCN

AMMON BUNDY'S MEMORANDUM TO

RESPONDENT'S MOTION TO DISMISS

COMES NOW the Petitioner Ammon Bundy who personally appears before this Court OBJECTING TO THE FALSE NARRATIVE playing out by Respondents, and states:

1. THIS COURT HAS JURISDICTION PURSUANT TO THE U.S. CONSTITUTION, the UNITED STATES CODE, and ESTABLISHED CASE LAW.

Respondent's falsely allege that F.R.C.P. 12(h)(3) somehow applies due to lack of subject matter jurisdiction.

F.R.C.P. RULE 12(h)(3) STANDARD
Federal Rule of Civil Procedure 12(h)(3) instructs: "If the court determines at any time

that it lacks subject-matter jurisdiction, the court must dismiss the action." As this language makes clear, "[t]he objection that a federal court lacks subject-matter jurisdiction may be raised . . . at any stage in the litigation, even after trial." Arbaugh v. Y & H Corp., 546 U.S. 500, 506 (2006); see also Canadian Overseas Ores Ltd. v. Compania de Acero del Pacifico S.A., 727 F.2d 274, 278 (2d Cir. 1984); 5B Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 1350 ("[i]t has long been well-established that the court's lack of subject matter jurisdiction may be asserted at any time," including after trial and "prior to final judgment," because "Rule 12(h)(3) . . . preserv[es] the defense throughout the action.").

The reason for this "'springs from the nature and limits of the judicial power of the United States,'" which are "inflexible and without exception." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94-95 (1998) (quoting Mansfield, C. & L.M.R. Co. v. Swan, 111 U.S. 379, 382 (1884)). "'Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.'" Steel Co., 523 U.S. at 94 (quoting Ex parte McCardle, 7 Wall. 506, 514 (1868)); see also John B. Hull, Inc. v. Waterbury Petroleum Prods., Inc., 588 F.2d 24, 27 (2d Cir. 1978) ("[J]urisdiction over the subject matter provides the basis for the court's power to act, and an action must be dismissed whenever it appears that the court lacks such jurisdiction.") (citing Rule 12(h)(3)).

Thus, a court may not "resolve contested questions of law when its jurisdiction is in doubt," but must instead decide jurisdiction first. Steel Co., 523 U.S. at 101. To do otherwise, the Supreme Court has held, is "to act ultra vires." Id. at 101-02. Because "standing to sue" is a "threshold jurisdictional question," id. at 102—and one that the plaintiff "bears the burden" of proving "at the trial stage," Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992)—this Court must address that question before it can proceed any further in this case. There is no such thing as "hypothetical jurisdiction." Steel Co., 523 U.S. at 101. A court without jurisdiction may not consider the merits of the plaintiff's claims—even if only to reject them.

RESPONDENTS seek to make this Court somehow believe that there is no subject matter existing that allows it to have jurisdiction. Petitioners have numerous grounds of subject matter in controversy that begin with a Federal Question, Title 28 U.S.C. Section 1343(3); Title 28 U.S.C. Section 1331; and more substantial is the abuse of process by Respondent's who served and have unlawfully litigated with an out

of state resident Diego Rodriguez, which this Court obviously has subject matter jurisdiction pursuant to Title 28 U.S.C. Section 1332(A)(1) and (3).

THIS COURT HAS JURISDICTION PROPER DUE TO THE FEDERAL RIGHTS, PRIVILEGES, AND IMMUNITIES OF THE PETITIONERS BEING VIOLATED. The State Court's own record shows the tens of thousands of pages filed by the Respondent's in unduly burdening pro se defendants and relentless harassment using the judicial process. Standing is an "essential and unchanging" requirement of every federal case. Lujan, 504 at 560. It applies equally to state cases. This demands that the plaintiff—"for each claim and form of relief sought"—establish a legally cognizable injury that is "fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief." Daimler Chrysler Corp. v. Cuno, 547 U.S. 332, 352.(2006); Cacchillo v. Insmed, Inc., 638 F.3d 401, 404 (2d Cir. 2011).

However, Petitioners have never been allowed to properly bring a defense in state court due to the tens of thousands of pages of pleadings they have been subjected to. Even if Petitioner Bundy had responded, he would never have been able to defend against the taxpayer paid onslaught brought about by Respondent St. Lukes. Even after a year Petitioner Diego Rodriguez has not been able to even obtain Discovery in the state case by virtue of the stonewalling process-a David versus Goliath feat. Whether Defendant's appeared or not, they were subjected to an unlevel and unlawful playing field.

Moreover, St. Lukes mis-quoting case law in an effort to subvert the truth from this Court. DIVERSITY OF CITIZENSHIP of a U.S. Citizen is a CITIZEN-NOT A CORPORATION. Diego Rodriguez is a living man not a corporation. St Lukes further tells tall tales and lies to this Court that somehow Petitioner Bundy "controls" all these people. While flattering, it just isn't true. St. Lukes has made numerous claims and allegations that are patently false and are printing their own narrative to fit their story while denying Petitioner's access to redress by burying them in litigation.

These three elements—injury, causation, and redressability—make up the "irreducible constitutional minimum of standing." Lujan, 504 U.S. at 560. If the plaintiff fails to prove them at trial, then the "dispute is not a proper case or controversy" and the court has "no business deciding it." Daimler Chrysler, 547 U.S. at 341. St. Lukes has never proven nor would it allow Petitioner's through the stonewalling of the discovery process. St. Lukes has never established an injury that would satisfy all three elements and would never allow Petitioner's to prove their case.

CONCLUSION

There is substantial subject matter for this Court to have and hold jurisdiction over this action. The Respondent's argument is without merit and baseless. The Federal violations are continuous and ongoing until and unless this Court takes over and allows Petitioner's to be heard in a proper and legal forum without corruption. Then Petitioners can and with a level playing field, show the unlawful and immoral behavior of St. Lukes and the other Respondents.

**DATED THIS DAY,** the 11ᵗʰ of May, 2023.

Ammon Bundy, Petitioner Pro Se

**VERIFICATION**

I, Ammon Bundy, do hereby verify that the contents contained herein are true and correct to the best of my belief and knowledge pursuant to the laws of the United States of America, this 11ᵗʰ day of May, 2023.

Ammon Bundy, Petitioner Pro Se

**CERTIFICATE OF SERVICE**

That the original and one copy of the foregoing instrument titled **AMMON BUNDY'S MEMORANDUM TO RESPONDENT'S MOTION TO DISMISS** was filed with the United States District Court, for the District of Idaho, located at 550 West Front Street, Suite 400, Boise, Idaho, 83724.

Service time: _____ Service Date: _____ Server Initials: _____

That the original and one copy of the foregoing instrument titled **AMMON BUNDY'S MEMORANDUM TO RESPONDENT'S MOTION TO DISMISS** was served to the respondent's counsel Holland & Hart, Attn: Erik Stidham at 800 West Main Street, Suite 1750 Boise, ID 83702-5974.

Service time: _____ Service Date: _____ Server Initials: _____

That the original and one copy of the foregoing instrument titled **AMMON BUNDY'S MEMORANDUM TO RESPONDENT'S MOTION TO DISMISS** was served to the Clerk of the 4th Judicial District Court, County of Ada, State of Idaho, Attn: Judge Lynn Norton at 200 West Front Street, Boise ID, 83702.

Service time: _____ Service Date: _____ Server Initials: _____

DATED THIS 11th day of May, 2023.

Ammon Bundy, Petitioner Pro Se