U.S. COURTS

MAY 16 2023

Rcvd_____Filed_____Time_____
STEPHEN W. KENYON
CLERK, DISTRICT OF IDAHO

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF IDAHO

AMMON BUNDY, )
)
          Plaintiff, )    CASE NO: 1:23-CV-212-DCN
)
vs. )
)    DECLARATION
ST. LUKE'S HEALTH SYSTEM, LTD, )
ET AL )
)
          Defendants. )

1
2  I, Kim Yanecko, over the age of 18, declare as follows:

3      I have met Ammon Bundy exactly one time on a completely different subject matter in which I
4  initiated contact. I have also attended a candidate forum to listen to his plans if elected Governor. I do
5  not have an opinion of Ammon Bundy, but I do respect his willingness to go to jail for what he believes
6  in; many people would not do the same. I feel for his family, especially his children who most certainly
7  have been affected by the constant police presence with unprecedented service of process by the Gem
8  County Sheriff's Department.

9     As to the St. Luke's matter, on April 21, 2023, I requested, and was denied, access to records
10  from the Meridian Police Department ("MPD") pursuant to the public records request ("PRR") attached.
11  MPD advised there was a **CRIMINAL** pending against Ammon Bundy "CV01-22-06789 and [my] request is

Declaration of Kim Yanecko – Page 1

denied under IC 74-124(1)(b) for fair trial." [emphasis added] (Exhibit A). I do not believe the case listed is a criminal matter.

On April 21, 2023, I requested, and still have not received, access to records from the Boise Police Department (BPD) pursuant to my public records request. On May 4, 2023, I received an extension of time notification from BPD. To date, that request still has not been fulfilled. (Exhibit B).

Initially in the PRRs to both police departments, I requested any and all, but not limited to, requests for police assistance and standby, notification for probable police presence or assistance, actual police deployment and response, and reports or logs with discussions on possible deployment and actual deployment for protest activity at St. Luke's Meridian and Boise. Additionally, I requested total financial amounts (for LEOs, vehicles, etc.) expended to utilize said resources for said activity. Once I learned of the exact dates of the protest, I revised my request to the Meridian Police Department. The revision included specified dates of March 12-19-2022. I also asked if resources were charged for said services, to whom were they charged and asked for a copy of said invoices. I was again denied access by MPD.

The intent of the Police Department PRRs was to determine if St. Luke's closed their doors due to Ammon Bundy's appearance as charged by St. Luke's. If the event were so confrontational that the protestors caused fear by the patrons or even the staff, as alleged by the defendant, St. Luke's, police would have been called to assist in determining a proper and safe location for the protestors while still allowing patrons access to the facility.

On April 21, 2023, I requested from the Gem County Sheriff's Department any and all, but not limited to, reports, briefings and logs related to any service of process on Ammon Bundy from March 2022 to present. I also requested any invoices and payment receipts for said services. See attached itemization from the incomplete records received (EXHIBIT C). In looking at the multiple attempts at preparing a summons and complaint, no less than three different amendments prepared and served

regularly upon the Bundys, seems to indicate the plaintiff was not prepared to enter into this lawsuit, but perhaps did so expeditiously in retaliation after the child was returned to the parents, the initial reason for the protest and the only reason Ammon Bundy got involved. Additionally, and while one of their duties, the loss of a deputy used for process service takes away from the safety of the public in Gem County. A single service is one thing, but 10+ times should be considered excessive and possibly harassment.

If public services were used for the protest, those services were not specific to just one person as implied by MPD. To deny access to records for public services by the MPD and BPD appears to be a violation of my right to public records. Based on the information received from Gem County Sheriff's Department indicating case number CV-22-06789 was a civil matter, I have again requested MPD fulfill my PRR.

If no police were called to the scene, and St. Luke's chose to close its doors, there is no case of lost income or services due to Ammon Bundy's attendance.

If the doors were closed on days when Ammon Bundy was not in attendance, the suit claiming Ammon Bundy caused St. Luke's exorbitant financial harm would also be moot.

If police were called to the scene, I have a right to know for what, the outcome of the police presence and the cost to the taxpayer for said services.

Protesting is a right of all legal citizens. The police have a duty to ensure the safety of all in attendance, including protestors, patrons and employees. There would be record of any interaction, violence, conflict, confrontations, etc. including police direction dictating the location for protestors to stand (public or private property) and/or placing cones or barricades to separate vehicle traffic from pedestrians to ensure safety of all in attendance on the property or sidewalk.

1   Adults attending the protest or making inflammatory statements have free-will and the ability to
2   decide to engage or not.  Ammon Bundy cannot be held responsible for others' actions only attempt to
3   educate people as to his own actions and intentions.

4   This matter was also covered by the local media. Without a list of attendees, there is no way to
5   determine if those in attendance protested on their own behalf or at the request of and took action at
6   the behest of Ammon Bundy.

7   The financial claim against Ammon Bundy personally should not stand based on his status or
8   notoriety or "perceived" deep pockets.

9   To blame Ammon Bundy for the actions of others would be like declaring President Trump
10  responsible for the actions of those at the Capitol on January 6.

11  This declaration should be considered by this court and the state court (case no: CV-22-06789)
12  as to the evidence denied me that could provide proof to a judge as to the validity of some of the claims
13  made by St. Luke's.

14  I write this declaration to protect the rights of all Idahoans when it seems Goliath (with deep
15  pockets) holds a different position and ability to overwhelm a David (a citizen who doesn't possess the
16  same financial ability); I don't care who that person is or what his/her reputation.

17  I ask the court to consider this declaration.  Perhaps you can review the records from which I was
18  denied access in order to determine, through your own due diligence, if the profits lost as claimed by St.
19  Luke's is valid, realistic and/or equitable against the plaintiff.

20  I declare under penalty of perjury that the foregoing is true and correct.

_Kim Yanecko_
Kim Yanecko
13038 Skyview St
Nampa ID 83686

Declaration of Kim Yanecko – Page 4