Erik F. Stidham (ISB #5483)
Jennifer M. Jensen (ISB #9275)
Zachery J. McCraney (ISB #11552)
HOLLAND & HART LLP
800 W. Main Street, Suite 1750
Boise, ID 83702-7714
Telephone:  208.342.5000
Facsimile:  208.343.8869
efstidham@hollandhart.com
jmjensen@hollandhart.com
zjmccraney@hollandhart.com

Attorneys for Respondents

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| AMMON BUNDY, AMMON BUNDY FOR GOVERNOR, DIEGO RODRIGUEZ, FREEDOM MAN PAC, PEOPLES RIGHTS NETWORK, and FREEDOM MAN PRESS LLC,<br><br>Petitioners.<br><br>vs.<br><br>ST. LUKE'S HEALTH SYSTEM LTD, ST. LUKE'S REGIONAL MEDICAL CENTER LTD, CHRIS ROTH, NATASHA ERICKSON, MD, and TRACY JUNGMAN, ,<br><br>Respondents. | Case No. 1:23-cv-00212-DCN<br><br>**MEMORANDUM IN SUPPORT OF EXPEDITED MOTION FOR CLARIFICATION** |

COME NOW, Respondents St. Luke's Health System LTD, St. Luke's Regional Medical Center LTD, Chris Roth, Natasha Erickson, MD and Tracy Jungman (collectively "St. Luke's Parties") and submit this Memorandum in Support of their Expedited Motion for Clarification of 28 U.S.C. § 1450, the federal removal statute, on state court orders and discovery issued and

**MEMORANDUM IN SUPPORT OF EXPEDITED MOTION FOR CLARIFICATION - 1**

served prior to removal. Pursuant to District of Idaho Local Rules Civil 6.1 and 7.1(d)(1)(B), good cause exists for the Court to expedite its resolution of the Motion for Clarification and resolve the matter on the briefs without a hearing.

## I.   INTRODUCTION

On May 1, 2023, Ammon Bundy ("Bundy") filed his petition for removal (the "Petition") before this Court. Dkt. 1. As is set forth St. Luke's Parties' Motion to Dismiss: (1) there is no basis for federal subject matter jurisdiction; (2) the Petition is untimely; (3) it was filed for improper purposes; (4) trial is set for July 10, 2023 and numerous pretrial deadlines are being impacted by each day that passes; and (5) it could and should be dismissed sua sponte. Dkt. 6; 6-1. A decision regarding the Petition is needed as soon as possible to avoid further complications.

This expedited motion for clarification is brought to address complications caused by the filing of a meritless Petition and the delay in the state court proceeding that has necessarily resulted from the Petition. This Motion for Clarification seeks to mitigate the disruption purposely caused by the filing of the meritless Petition.

During the 17 days since the Petition was filed with Court, Bundy and another named defendant, Diego Rodriguez ("Rodriguez")[1], have failed to adhere to the state court's orders, including orders compelling Bundy and Rodriguez to designate 30(b)(6) representatives, attend depositions, and produce documents. Bundy's Petition does not mean he and Rodriguez can ignore the state court's orders. St. Luke's Parties seek an order of clarification from this Court that Bundy and Rodriquez cannot rely on removal to ignore the state court's orders or their

---

[1] None of the other defendants have appeared in the federal court action. Rodriguez filed a document in federal court styled "Petition to Enjoin Petitioner Bundy".

**MEMORANDUM IN SUPPORT OF EXPEDITED MOTION FOR CLARIFICATION - 2**

discovery obligations to previously served discovery, and that such orders and obligations remain in force while this Court rules on the merits of the Petition.

## II.    BACKGROUND

Bundy has repeatedly violated state court's orders.[2] Most recently, Bundy violated deadlines of May 1 and May 8, 2023, set by a state court order of April 24, 2023. Declaration of Erik F. Stidham in Support of Motion for Clarification ("Stidham Decl."), ¶ 3, Ex. A. The state court order required Bundy to designate a 30(b)(6) representative for Defendants Ammon Bundy for Governor and the People's Rights Network ("PRN") by May 1 and to answer discovery requests by May 8. *Id.* Bundy failed to do either. *Id.* Bundy also did not show for his deposition scheduled and properly noticed for May 10 and May 11, 2023. *Id.* Provided the state court's April 24 order compelling Bundy to designate 30(b)(6) representatives for Ammon Bundy for Governor and PRN, St. Luke's Parties scheduled and properly noticed the deposition of PRN for May 16 and 17, 2023, and the deposition of Ammon Bundy for Governor for May 19, 2023. *Id.*, ¶ 4, Ex. B, Ex. C. No designee showed on either May 16 or 17 for the PRN deposition. *Id.*, ¶ 5. St. Luke's Parties have also scheduled and properly noticed the 30(b)(6) depositions of two corporate entities Bundy owns and controls or owned and controlled—Dono Custos, Inc., for May 19, 2023, and Abish Husbondi, Inc., for May 24, 2023. *Id.*, ¶ 6, Ex. D, Ex. E.

On April 25, 2023, the state court issued an order granting St. Luke's Parties' motion for sanctions against Rodriguez. *Id.*, ¶ 7, Ex. F. The order required Rodriguez to appear for a deposition in Boise, to provide answers and supplemental answers to written discovery during

---

[2] For purposes of this motion, St. Luke's Parties hereby incorporate the background facts set forth in detail in the Memorandum in Support of Motion to Dismiss Petition or Remand to State Court, Dkt. 6-1 at 3-5.

**MEMORANDUM IN SUPPORT OF EXPEDITED MOTION FOR CLARIFICATION - 3**

the deposition, and to produce documents at or before the deposition. *Id.* Rodriguez did not show for his deposition or produce any documents prior, which was scheduled and properly noticed for May 12 and 15, 2023. *Id.*, ¶ 8. St. Luke's Parties have also scheduled and properly noticed the 30(b)(6) depositions of three entities Rodriguez founded and controls—Freedom Tabernacle Incorporated, for May 22, 2023, and Power Marketing Agency, LLC and Power Marketing Consultants, LLC, for May 23, 2023. *Id.*, ¶ 9, Ex. G, Ex. H, Ex. I. On April 21, 2023, St. Luke's Parties served Rodriguez with their Second Requests for Admission, a response to which is due by May 22, 2023. *Id.*, ¶ 10, Ex. J.

In addition to failing to comply with state court's discovery order deadlines since Bundy filed the Petition, Bundy and Rodriguez also continue to violate the state court's January 19, 2023 protective order by continuing prohibited witness intimidation. *Id.*, ¶ 11, Ex. K; *see also* Dkt. 6-1 at 13-14.

The adjudication of pending motions in the state court has been delayed due to Bundy's Petition.[3] *Id.*, ¶ 12, Ex. L. On May 12, 2023, the state court vacated a May 16th hearing on a motion for contempt against Defendant Diego Rodriguez. *Id.* The hearing has been reset for May 23rd, which is also the date set for a status and scheduling conference in advance of the state

---

[3] 28 U.S.C. § 1446(d) requires that "[p]romptly after the filing of such notice of removal of a civil action the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court, which shall effect the removal and the State court shall proceed no further unless and until the case is remanded." It is St. Luke's Parties' position that Bundy did not properly file "a copy of the notice" of removal in the state court. However, for purposes of this motion, St. Luke's Parties acknowledge the fact that the May 16, 2023 hearing was vacated and reset after the filing of a "Memorandum in Support of Petition to Transfer Case" by Bundy in the state court docket on May 8, 2023. The same document was filed in this case at Docket No. 2.

**MEMORANDUM IN SUPPORT OF EXPEDITED MOTION FOR CLARIFICATION - 4**

court trial, which is slated to begin July 10, 2023. *Id.* The deadline for written discovery is May 26, 2023, and the deadline for the completion of depositions is June 9, 2023. *Id.* ¶ 13.

### III. ARGUMENT

**A. A State Court's Orders and Discovery Obligations Remain in Force after Removal until Dissolved or Modified by the District Court.**

The federal removal statute provides that "[a]ll injunctions, orders, and other proceedings had in such action prior to its removal shall remain in full force and effect until dissolved or modified by the district court." 28 U.S.C. § 1450. "Removal does not invalidate or otherwise affect any proceedings that occurred in the state court prior to removal." 1 Moore's Federal Rules Pamphlet § 81.4. Orders before the state district court remain in effect pursuant to 28 U.S.C. § 1450 when the case is removed to federal district court. *Lefer v. Murry*, 978 F. Supp. 2d 1177, 1184 (D. Mont. 2013). "[T]he literal requirement of 28 U.S.C. § 1450" is "that all orders issued prior to removal remain in effect 'until dissolved or modified by the district court.'" *Religious Tech. Ctr. v. Scott*, 869 F.2d 1306, 1309 n.6 (9th Cir. 1989).

Courts in the Ninth Circuit have held that discovery requests, including notices of depositions and document demands, served before removal are given effect under 28 U.S.C. § 1450. *See Hee Ok Jung v. Chung Hee Kim* (*In re Tae Woon Kim*), Nos. 2:15-bk-13630-RK, 2:15-ap-01263-RK, 2016 Bankr. LEXIS 1099, at *5-6 (Bankr. C.D. Cal. Apr. 6, 2016)[4]; *see also Pena v. Taylor Farms Pac., Inc.*, No. 2:13-cv-01282-KJM-AC, 2013 U.S. Dist. LEXIS 116635, at *4

---

[4] Citing 1 Wagstaffe, Rutter Group Practice Guide: Federal Civil Procedure Before Trial, ¶ 2:3528 at 2D-185 (2016):
> Arguably, discovery requests (e.g., notice of depositions, document demands, etc.) served before removal should also be given effect under 28 USC § 1450 unless modified or terminated by the federal court. Discovery requests appear to be 'proceedings had in such action prior to removal' within the meaning of § 1450.

*In re Tae Woon Kim* at *6.

**MEMORANDUM IN SUPPORT OF EXPEDITED MOTION FOR CLARIFICATION - 5**

(E.D. Cal. Aug. 15, 2013); *Kogok v. T-Mobile USA, Inc.*, No. 13cv838- BEN (BLM), 2013 U.S. Dist. LEXIS 66537, 2013 WL 1942211, at *1 (S.D. Cal. May 9, 2013) (in an action pending ten months before removal, the federal court declined to stay the state court's discovery order).

**B.    The Orders of the State Court Issued Before Removal Remain in Full Force and Effect.**

Pursuant to 28 U.S.C. § 1450, the state court's orders, including its January 19, 2023 protective order, and its orders of April 24 and 15, 2023 compelling discovery, remain in full force and effect despite Bundy's Petition. Bundy and Rodriguez may not rely on the Petition to ignore these orders. St. Luke's Parties respectfully request an order from this Court clarifying that, while it considers whether the Petition for removal is proper, the state court's orders remain in full force and effect.

**C.    Discovery Requests and Notices of Deposition Served Before Removal Remain in Full Force and Effect.**

All discovery requests, including notices of deposition, served before removal remain in force and effect while the Court considers the Petition. St. Luke's Parties also scheduled and properly noticed the depositions of third-party entities owned or controlled by Bundy and Rodriguez prior to the May 1 Petition (Dono Custos, Inc., May 19, 2023; Freedom Tabernacle Incorporated, May 22, 2023; Power Marketing Agency, LLC and Power Marketing Consultants, LLC, May 23, 2023; and Abish Husbondi, Inc., May 24, 2023).

St. Luke's Parties understand that, in a typical case, an order clarifying this would not be needed given the propositions contained in the requested order are not open to honest dispute. However, this is not a typical case. St. Luke's Parties believe Bundy, Rodriguez, and the other defendants would have violated the state court orders even if the Petition had not been filed. They have violated orders repeatedly since the lawsuit was filed. In fact, for a month, Bundy has

**MEMORANDUM IN SUPPORT OF EXPEDITED MOTION FOR CLARIFICATION - 6**

been holding off the Gem County Sheriff from executing a warrant of attachment relating to contempt for harassing witnesses; Bundy has gathered armed members of his militia to his home to bar the sheriff. *See, e.g.,* https://ktla.com/news/nexstar-media-wire/nationworld/headlines/for-far-right-activist-lawsuit-becomes-one-sided-standoff/. Stidham Decl., ¶ 14.

Here, St. Luke's wants to: (1) foreclose any disingenuous arguments by Bundy or the other defendants that the state court's orders and discovery obligations were nullified by the filing of the Petition; and (2) avoid having to address this issue in state court. An order from this Court may help mitigate that disruption caused by the Petition and stymie efforts to use the Petition as an excuse for wrongful conduct by Bundy and the other defendants.

St. Luke's asks for an order that states:

- Bundy, Rodriguez and the other defendants were obligated and remain obligated to comply with all court orders issued by the state court.

- Bundy, Rodriguez, and the other defendants were obligated and remain obligated to respond to any discovery obligations, including depositions which were in effect prior to the filing of the Petition.

- Unless and until this Court accepts or denies the Petition, "[a]ll injunctions, orders, and other proceedings" including notices of deposition and document requests should be given effect unless modified by this Court. *See* 28 U.S.C. § 1450; 1 Wagstaffe, Rutter Group Practice Guide: Federal Civil Procedure Before Trial, ¶ 2:3528 at 2D-185 (2016); Fed. R. Civ. P. 1.

If St. Luke's Parties are unable to meaningfully pursue this remaining discovery due to the Petition for removal, they will be significantly prejudiced upon the proper remand of this

**MEMORANDUM IN SUPPORT OF EXPEDITED MOTION FOR CLARIFICATION - 7**

case due to the close of written discovery on May 26, the deadline for completion of depositions on June 9, and the impending trial date of July 10, 2023.

## IV.   CONCLUSION

For the foregoing reasons, Respondents request that the Court issue an order clarifying that all orders and other proceedings, including notices of deposition and document requests, issued in the state court litigation prior to the May 1, 2023 Petition have full force and effect. Respondents further request that the Court to exercise its discretion and expedite is order of clarification pursuant to District of Idaho Local Rules Civil 6.1 and 7.1(d)(1)(B).

DATED:  May 18, 2023

                        HOLLAND & HART LLP


                        By: */s/Erik F. Stidham*
                            Erik F. Stidham
                            Jennifer M. Jensen
                            Zachery J. McCraney

                          ATTORNEYS FOR RESPONDENTS

**MEMORANDUM IN SUPPORT OF EXPEDITED MOTION FOR CLARIFICATION - 8**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 18th day of May, 2023, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

n/a

AND I FURTHER CERTIFY that on May 18th, 2023 I served the foregoing on the following non-CM/ECF Registered Participants in the manner indicated:

Via first class mail, postage prepaid addressed as follows:

Ammon Bundy
Ammon Bundy for Governor
People's Rights Network
4615 Harvest Lane
Emmett, ID 83617-3601

Diego Rodriguez
Freedom Man PAC
Freedom Man Press LLC
1317 Edgewater Dr. #5077
Orlando, FL 32804

/s/ Erik F. Stidham
Erik F. Stidham
of HOLLAND & HART LLP

21492636_v1

**MEMORANDUM IN SUPPORT OF EXPEDITED MOTION FOR CLARIFICATION - 9**