UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| AMMON BUNDY; AMMON BUNDY FOR GOVERNOR; DIEGO RODRIGUEZ; FREEDOM MAN PAC; PEOPLE'S RIGHTS NETWORK; and FREEDOM MAN PRESS LLC,<br><br>Plaintiffs,<br><br>v.<br><br>ST. LUKE'S HEALTH SYSTEM LTD.; ST. LUKE'S REGIONAL MEDICAL CENTER LTD.; CHRIS ROTH; NATASHA ERICKSON, MD; and TRACY JUNGMAN,<br><br>Defendants. | Case No. 1:23-cv-00212-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Before the Court is Defendants' Motion to Dismiss or Remand (Dkt. 6), Motion to Seal (Dkt. 5), Motion to Expedite and Proceed Without Hearing (Dkt. 12), Motion to Expedite (Dkt. 18), and Expedited Motion to Clarify (Dkt. 19). Plaintiff Diego Rodriguez also filed a "Petition to Enjoin Petitioner Ammon Bundy in Transferring From State Court to Federal Court."[1] Dkt. 7.

Having reviewed the record, the Court finds that the facts and legal arguments are adequately presented. Thus, in the interest of avoiding further delay, and because oral argument would not significantly aid its decisional process, the Court will decide the Motion without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B).

---

[1] Although Rodriguez uses the term "enjoin," based on the Petition, it is clear that Rodriguez is seeking to "join," or consent, to Bundy's notice of removal.

MEMORANDUM DECISION AND ORDER - 1

For the reasons set forth below, the Court GRANTS the Motion to Dismiss or Remand. Dkt. 6. The Court DISMISSES the Motion to Seal (Dkt. 5), the Motions to Expedite (Dkts. 12, 18), the Expedited Motion for Clarification (Dkt. 19), and the Petition to Enjoin (Dkt. 7) as MOOT. The Court REMANDS this case back to state court. Further, the Court retains limited jurisdiction over Defendants' request for attorneys' fees and for other sanctions the Court may impose.

## II. BACKGROUND

This case began in the State of Idaho's Fourth Judicial District Court, nearly a year ago, when Defendants St. Luke's Health System Ltd., St. Luke's Regional Medical Center Ltd., Chris Roth, Natasha Erickson, MD, and Tracy Jungman (collectively "St. Luke's," unless otherwise stated) filed a civil lawsuit against Plaintiffs Ammon Bundy, Ammon Bundy for Governor, Diego Rodriguez, Freedom Man PAC, People's Rights Network, and Freedom Man Press LLC (collectively "Bundy," unless otherwise stated). In its suit, St. Luke's brought state law claims for defamation, false-light invasion of privacy, intentional infliction of emotional distress, common law trespass, statutory trespass, violations of Idaho's Unfair Business Practices Act, violations of Idaho's Charitable Contributions Act, and civil conspiracy. Dkt. 6-1, at 4.

These claims arise out of events that took place in March 2022, beginning with St. Luke's treating an infant who was temporarily placed in the custody of the Idaho Department of Health and Welfare due to health and safety concerns. Dkt. 6-3, at ¶¶ 3–4. Specifically, St. Luke's alleges that Bundy, in concert with the other Plaintiffs, launched a smear campaign against St. Luke's claiming that it was participating in a "widespread

conspiracy to kidnap Christian children and traffic those children to homosexual couples who would then sexually abuse and kill the children." Dkt. 6-1, at 2. Bundy and his supporters also blocked an ambulance bay at St. Luke's Meridian and took other actions that disrupted operations and caused St. Luke's Boise to be locked down for a period of time. *Id.* Further, St. Luke's alleged that Bundy harassed and doxed its employees. *Id.*

Bundy never appeared in the state court proceedings and has been sanctioned multiple times, including being held in contempt. *Id.* at 2. St. Luke's amended its complaint four times, and ultimately, obtained a default judgment due to Bundy's nonparticipation. A trial has been set for July 10, 2023. Bundy states that his nonparticipation was a cost-saving strategy, and he argues that the state judge's delay in entering a default judgment, and St. Luke's amendments, prejudiced him.

Bundy filed a Notice of Removal on May 1, 2023 (Dkt. 1), and a Memorandum in Support on May 8 (Dkt. 2). St. Luke's filed its Motion to Dismiss or Remand on May 8, 2023, arguing that subject matter jurisdiction does not exist and that Bundy removed the case to merely obstruct the state court proceedings. Bundy responded in opposition to the Motion. Dkt. 11. St. Luke's then filed its first Motion to Expedite (Dkt. 12) noting it did not intend to reply to its Motion and urging the Court to expeditiously resolve this matter. Having received all briefing, the matter is ripe for adjudication.

### III. LEGAL STANDARD

The "power of removal is not to be found in express terms in any part of the [C]onstitution." *Martin v. Hunter's Lessee*, 14 U.S. 304, 349 (1816). Thus, "[t]he right to remove a case from a state to federal court is purely statutory and its scope and the terms

of its availability therefore are entirely dependent on acts of Congress." 14C C. Wright & A. Miller, Federal Practice and Procedure Jurisdiction § 3721 (Rev. 4th ed. 2023). Removal from state court is governed by 28 U.S.C. § 1441. The most frequent type of removal that the Court deals with is when a defendant in a civil lawsuit removes an action to federal court. *See* 28 U.S.C. §§ 1441, 1442. A civil suit must meet certain criteria for a defendant to do this. *Id.*

Federal courts "strictly construe the removal statute against removal." *Sharma v. HSI Asset Loan Obligation Tr. 2007-1*, 23 F.4th 1167, 1170 (9th Cir. 2022) (cleaned up). "Where doubt regarding the right to removal exists, a case should be remanded to state court." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003).

### IV. ANALYSIS

The Court first addresses the Motion to Dismiss or Remand (Dkt. 6) before discussing the remaining Motions.

**A. Motion to Dismiss or Remand (Dkt. 6)**

"Article III establishe[d] a 'judicial department' with the province and duty . . . to say what the law is' in particular cases and controversies." *Plaut v. Spendthrift Farm, Inc.*, 514 U.S. 211, 218 (1995) (quoting *Marbury v. Madison*, 5 U.S. (1 Cranch) 137, 177, 2 (1803)). Notwithstanding this constitutional authority to exercise judicial power, federal district courts are congressionally circumscribed creatures that have limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co of Am.*, 511 U.S. 375, 377 (1994). In other words, the Court cannot act beyond the bounds set by law, for our constitutional republic is a "government of laws, and not of men." *Marbury*, 5 U.S. at 163.

Having reviewed the complaint, the Notice of Removal, and the rest of the record, the Court must remand this case back to state court because it lacks subject matter jurisdiction, and the Notice of Removal is procedurally defective.

*1. Subject Matter Jurisdiction*

Federal district courts can only hear cases that arise in diversity or present a federal question. See U.S. Const. art. III §§ 1, 2; 28 U.S.C. §§ 1331, 1332. Beyond these two categories, subject matter does not exist.

Diversity jurisdiction exists when there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1); *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). Complete diversity exists if none of the plaintiffs is a citizen of the same state as any of the defendants. *Caterpillar*, 519 U.S. at 68; *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005). In other words, if any plaintiff is a citizen of the same state as any defendant, diversity is destroyed, and the federal court does not have subject matter jurisdiction. *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978).

The diversity statute considers citizenship, not residency, for purposes of determining whether complete diversity exists. *Krueger v. Stively*, 2019 WL 1373640, at *2 (D. Idaho Mar. 25, 2019) (cleaned up). A natural person's state citizenship is determined by his state of domicile, not his state of residence. *Id.* (citing *Kanter v. Warner–Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). Domicile is the permanent home where the person resides with the intention to remain or to which he intends to return. *Id.* A corporation is a citizen of the state "by which it has been incorporated" and the state "where it has its

principal place of business." 28 U.S.C. § 1332(c)(1); *Montrose Chem. Corp. of Cal. v. Am. Motorists Ins. Co.*, 117 F.3d 1128, 1134 (9th Cir. 1997).

Here, complete diversity does not exist. Each of the St. Luke's parties are citizens of Idaho. Dkt. 6-1, at 8. Ammon Bundy is a citizen of Idaho, residing in Emmett. Dkt. 1, at 1. This alone defeats the complete diversity requirement. What's more, several of the Plaintiff entities are also citizens of Idaho for diversity purposes. Freedom Man PAC is a political action committee registered in Idaho. Dkt. 6-1, at 8. Further, the People's Rights Network, as an unincorporated association, "has the citizenship of all of its members." *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) (citing *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195–96 (1990)). While the Court does not know the citizenship of all 60,000 members of the association, it does know that one of the Network's members, Ammon Bundy, is an Idaho resident. St. Luke's argues that determining the citizenship of Rodriguez and Freedom Man Press is a more difficult task, but the Court need not wade into this discussion any further. Complete diversity does not exist. Because the Court finds that the parties are not diverse, the only jurisdictional issue remaining is whether the case presents a federal question.

*2. Federal Question*

Federal district courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. It is not enough to show that the litigation will necessarily engage a federal question. *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152 (1908). The federal question must be the gateway to the case. *See id.* Thus, a federal question exists only if: (1) federal law creates the cause of

action, or (2) a substantial question of federal law is a necessary element of a plaintiff's well-pleaded complaint. *Coeur d'Alene Tribe v. Hawks*, 933 F.3d 1052, 1055 (9th Cir. 2019); *Caterpillar*, 482 U.S. at 392. Critically, cases "may not be removed to federal court on the basis of a federal defense." *Caterpillar*, 482 U.S. 386, 393 (1987). This is true even when the federal defense is one that can be readily anticipated by the plaintiff. *Franchise Tax Bd. of Calif. v. Construction Laborers Vacation Trust of S. Cal.*, 463 U.S. 1, 10 (1983).

In its complaint, St. Luke's brings claims solely based on state law. For this reason, the Court is unable to exercise federal question jurisdiction. This is true, even though Bundy's Petition anticipates raising federal defenses—defenses that are also available in state court.

Ultimately, because this case lacks diversity and a federal question, the Court has no jurisdiction to reach the merits. It must remand the case.

*3. Equal Rights Removal*

Bundy also invokes 28 U.S.C. § 1443 in his Petition. Under this limited removal mechanism, a petition must satisfy the two-part test articulated by the Supreme Court:

> (1) petitioners must assert, as a defense to the prosecution, rights that are given to them by explicit statutory enactment protecting equal racial civil rights; (2) petitioners must assert that the state courts will not enforce that right, and that allegation must be supported by reference to a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights.

*Idaho v. Oelker*, 2021 WL 126202, at *2 (D. Idaho Jan. 13, 2021) (cleaned up).

Here, Bundy has not alleged that he faces disparate racial treatment and has not referenced a state statute or constitutional provision purporting to command the state court

to ignore his federal rights. For this reason, the Court finds that removal is improper under § 1443.

*4. Additional Procedural Defects*

The Court also finds additional procedural defects that require remand.

First, 28 U.S.C. § 1446 requires that a notice of removal be filed within 30 after receipt of service. By waiting for almost a year into the state suit, and after a default judgment was entered against him, Bundy's Notice was filed long after the applicable deadline.

Second, as corporations and entities, Ammon Bundy for Governor, Freedom Man PAC, and Freedom Man Press must be represented by an attorney; none can proceed "pro se," nor can Bundy (or anyone else who is not an attorney) represent their interests. Dist. Idaho Loc. Civ. R. 83.4(d). Additionally, because these entities are not represented by counsel, they have technically not appeared, so they have not given consent to removal under 28 U.S.C. § 1466.

Third, Bundy failed to comply with the filing requirements, including filing a copy of the entire state court record. *See* Dist. Idaho Loc. Civ. R. 83.4(d).

Each of these reasons requires remanding this case.

Lastly, Bundy, Rodriguez, and the Plaintiff entities are admonished that, in the future, if they are ever in federal court again, they are expected to conduct themselves with civility as required under District of Idaho Local Rule (Civil) 83.8. While zealous advocacy is always anticipated, the Court takes great umbrage when parties denigrate or threaten opposing parties or counsel.

### B. Other Motions

Given that the Court lacks subject matter jurisdiction and is remanding this case, all other Motions are dismissed as moot.

This aside, the Court retains jurisdiction to decide matters related to fees, costs, and sanctions (if sought and deemed appropriate).

## V. CONCLUSION

The Court takes seriously its duty to "administer justice without respect to persons, and do equal right to the poor and rich." 28 U.S.C. §453. Regardless of size, stature, or sophistication, all are equal under the law. All parties are required to proceed in the federal courts according to the rule of law. "No man is above the law, and no man is below it." President Theodore Roosevelt, Third Annual Message to Congress (Dec. 7, 1903). In this vein, the Court reaches its decision.

## VI. ORDER

The Court HEREBY ORDERS:

1. Defendants' Motion to Dismiss or Remand (Dkt. 6) is GRANTED.

2. All other Motions (Dkts. 5, 7, 12, 18, 19) are DISMISSED as MOOT.

3. This case is REMANDED to the Fourth Judicial District of the State of Idaho, county of Ada.

4. The Court retains limited jurisdiction over Defendants' request for attorneys' fees and for other sanctions the Court may impose. Defendants have 30 days to submit a motion for costs, fees, and or any other relief they seek. Pursuant to local rule,

Bundy will have 21 days to respond. Dist. Idaho Loc. Civ. R. 7.1(c). Defendants may elect to file a reply 14 days thereafter.

DATED: May 19, 2023

_____
David C. Nye
Chief U.S. District Court Judge