Diego Rodriguez
1317 Edgewater Dr #5077 Orlando,
FL 32804
freedommanpress@protonmail.com
(208) 891-7728

**U.S. COURTS**

MAY 23 2023

Rcvd_____Filed_____Time_____
STEPHEN W. KENYON
CLERK, DISTRICT OF IDAHO

Defendant in Propria Persona

## IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF IDAHO

CV-00212-DCN

Ammon Bundy, Ammon Bundy for
Governor, Diego Rodriguez, Freedom Man
PAC, People's Rights Network, Freedom
Man Press LLC,

Petitioners, vs

St. Lukes Health System LTD, St. Lukes
Regional Medical Center LTD, Chris Roth,
Natasha Erickson, MD, Tracy Jungman,
Respondents.

CASE NO. CV01-22-06789

**NOTICE OF REMOVAL TO FEDERAL COURT**

COMES NOW Diego Rodriguez, giving NOTICE OF REMOVAL, pursuant to 28 U.S. Code § 1446(a):

> *"A defendant or defendants desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action."*

### JURISDICTION AND VENUE

1.   Jurisdiction and Venue is proper before this Court pursuant to Title 28 U.S.C. Section 1441 et. seq.; Title 28 U.S.C. Section 1443 et. seq., in that this case involves Federal Civil

Rights violations against Petitioners and also done under color of law; and Title 28 Section 1446.

Venue is proper also pursuant to U.S.C. Title 28 Section 1391 et. seq.

2. Additional Jurisdiction and Venue for this action in that it involves a Federal Question, Title 28 U.S.C. Section 31. and Title 28 U.S.C. Sections 1343(3) and (4).

3. Furthermore, Jurisdiction and Venue is proper before this Court pursuant to 28 U.S.C. Section 1441 (b)(2) and 28 U.S.C. Section 1332, as this case involves controversies between citizens of different states, where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

**PARTIES TO THE ACTION**

4. Petitioner Diego Rodriguez appears before this Court in Propria Persona and is a Defendant in an Idaho State Court civil proceeding, Case No, CV01-22-06789, currently before the 4th Judicial District Court, County of Ada, State of Idaho.

5. Respondents are represented by the law firm, Holland and Hart, Erik F. Stidham, Jennifer M. Jensen, and Zachery J. McCraney, all attorneys licensed with the Idaho State Bar.

**FEDERAL QUESTION / DUE PROCESS**

6. I, Diego Rodriguez, initially filed to join Ammon Bundy's petition (another defendant on this case) but had my petition completely overlooked, ignored, and considered "moot." The arguments I made have therefore not been considered by this court and I am asking for proper due process under the law; to have my arguments heard and properly responded to. The U.S. Constitution guarantees me my right to due process of law both under the 5th and the 14th Amendment.

7. Also, I am being persecuted for having exercised my right of free speech, which is guaranteed by the 1st amendment in the U.S. Constitution—an issue which likewise brings this matter into Federal jurisdiction.

**DIVERSITY OF CITIZENSHIP**

8. I, Diego Rodriguez, am not a citizen of the state of Idaho, nor was I a citizen of the state of Idaho when this case was originally filed in May of 2022. The United States Constitution is extremely clear on the jurisdiction of the Federal judiciary in such cases. In Article III, Section 2, Clause 1 of the U.S. Constitution, it states quite plainly, for anybody with the ability to read and understand that, *"The Judicial Power shall extend to all Cases...to Controversies between two or more States; between a State and Citizens of another State; between Citizens of different States..."* It could not be any clearer that this lawsuit which is a "controversy" or legal complaint between citizens of Idaho and myself, a citizen of Florida, is under Federal jurisdiction according to the U.S. Constitution and should not be held in a local court in Idaho. There is no higher law in the land than the U.S. Constitution and Article III, Section 2, Clause 1 demands that the Federal court take this case into its jurisdiction.

9. There plainly exists a controversy over Diversity of Citizenship which demands that this civil lawsuit be removed from the State Court. 28 U.S. Code § 1441(a) plainly states, *"Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."* The same section of 28 U.S. Code § 1441 "Removal Based on Diversity of Citizenship," in subsection (b) refers to the determination of jurisdiction of the Federal Court under Section "1332(a) of this title," where the statute plainly states, *"(a)The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—(1)citizens of different States..."*

Therefore, in addition to the plainly written U.S. Constitution, which is the highest law of the land, and which trumps all other laws or statutes, even the U.S Code states that a "civil action" between "citizens of different states" where "the controversy exceeds the sum or value of $75,000" shall have its jurisdiction in the Federal Court. So both the U.S. Constitution and the U.S. Code agree that this case must be removed from State Court and put into the Federal Court.

## INTERPOLATION OF "COMPLETE DIVERSITY"

10. In Judge David Nye's written respond to Ammon Bundy's petition to move this case to the federal court, Judge Nye stated, *"Complete diversity exists if none of the plaintiffs is a citizen of the same state as any of the defendants"* and he used this spurious and specious interpretation to reject Ammon's argument. However, this is a wholly untrue interpretation. First of all, nowhere does the US Constitution nor US Code require *"complete diversity"* where *"none of the plaintiffs is a citizen of the same state as any of the defendants."* That fact alone should stand on its own as demonstrating that the interpretation of "total diversity" is a total interpolation of thoughts and words, and is not part of any written law—especially not the US Constitution.

Furthermore, the case laws quoted by Judge Nye is in no way representative or similar to the case at hand as Ammon and I are individual citizens and not corporations or companies.

Such an interpretation would mean that if someone from Idaho decided to sue 50 people, 1 from each of the 50 states, then so long as one of those defendants was from Idaho, then the case would still be handled in an Idaho Court room, with Idaho judges, an Idaho jury, Idaho news media, Idaho social pressures, and Idaho control—guaranteeing a totally biased and unfair outcome for all of the defendants but especially the 49 who did not live in Idaho. That is not what the law says and that was not the intent of the framers of the Constitution.

## FOUNDERS INTENT

11. As a matter of pragmatism, I now can see the absolute wisdom of our Founding Fathers when they put this rule in our beloved Constitution, because after a year of harassment, frivolous filings, and legal abuse—as a citizen of another state, I am at a complete disadvantage and am unable to properly respond and participate since I am a citizen of another state over 2,000 miles away. It is simply not fair and our Founding Fathers recognized this fact.

To further support this assertion, please note that U.S. Supreme Court Justice Felix Frankfurter said, *"<u>Diversity jurisdiction is founded on assurance to nonresident litigants of courts free from susceptibility to potential local bias</u>. The Framers of the Constitution, according to Marshall, entertained 'apprehensions' lest distant suitors be subjected to local bias in State courts, or, at least, viewed with 'indulgence the possible fears and apprehensions' of such suitors."* Guaranty Trust Co. v. York, 326 U.S. 99 (1945).

**PRAYER FOR RELIEF**

WHEREFORE Petitioners PETITION this Court for an ORDER TRANSFERRING the Idaho Civil Case, CASE NO. CV01-22-06789 be transferred to the jurisdiction of the United States District Court for The District of Idaho, as soon as possible that Petitioner may be heard and Federal questions addressed, as well as any other relief deemed just and proper under the circumstances.

DATED THIS DAY, the 22nd of May, 2023.

*Diego Rodriguez*

Diego Rodriguez
freedommanpress@protonmail.com
(208) 891-7728

## VERIFICATION

I, Diego Rodriguez, do hereby verify that the contents contained herein are true and correct to the best of my belief and knowledge pursuant to the laws of the United States of America, this 22nd day of May, 2023.

*DIEGO RODRIGUEZ*

_____
Diego Rodriguez, Petitioner Pro Se

## CERTIFICATE OF SERVICE

That the original and one copy of the foregoing instrument titled NOTICE OF REMOVAL TO FEDERAL COURT was filed with the United States District Court, for the District of Idaho, located at 550 West Front Street, Suite 400, Boise, Idaho, 83724.

Service time: _____ Service Date: _____ Server Initials: _____

That the original and one copy of the foregoing instrument titled NOTICE OF REMOVAL TO FEDERAL COURT was served to the respondent's counsel Holland & Hart, Attn: Erik Stidham at 800 West Main Street, Suite 1750 Boise, ID 83702-5974.

Service time: _____ Service Date: _____ Server Initials: _____

That the original and one copy of the foregoing instrument titled NOTICE OF REMOVAL TO FEDERAL COURT was served to the Clerk of the 4th Judicial District Court, County of Ada, State of Idaho, Attn: Judge Lynn Norton at 200 West Front Street, Boise ID, 83702.

Service time: _____ Service Date: _____ Server Initials: _____