Erik F. Stidham (ISB #5483)
Jennifer M. Jensen (ISB #9275)
Zachery J. McCraney (ISB #11552)
HOLLAND & HART LLP
800 W. Main Street, Suite 1750
Boise, ID 83702-7714
Telephone:  208.342.5000
Facsimile:  208.343.8869
efstidham@hollandhart.com
jmjensen@hollandhart.com
zjmccraney@hollandhart.com

Attorneys for Respondents

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| AMMON BUNDY, AMMON BUNDY FOR GOVERNOR, DIEGO RODRIGUEZ, FREEDOM MAN PAC, PEOPLES RIGHTS NETWORK, and FREEDOM MAN PRESS LLC, | Case No. |
| Petitioners. | **MEMORANDUM IN SUPPORT OF EXPEDITED MOTION TO DISMISS PETITION OR REMAND TO STATE COURT [DKT. 29]** |
| vs. | |
| ST. LUKES HEALTH SYSTEM LTD, ST. LUKES REGIONAL MEDICAL CENTER LTD, CHRIS ROTH, NATASHA ERICKSON, MD, and TRACY JUNGMAN, | |
| Respondents. | |

COME NOW, Respondents St. Luke's Health System LTD, St. Luke's Regional Medical

Center LTD, Chris Roth, Natasha Erickson, MD and Tracy Jungman (collectively "St. Luke's

Parties" or "Respondents") and hereby submit their Memorandum in Support of their Expedited

Motion to Dismiss or Remand the Petition at Docket 29 to State Court ("Motion"). Pursuant to

MEMORANDUM IN SUPPORT OF EXPEDITED MOTION TO DISMISS PETITION OR
REMAND TO STATE COURT - 1

District of Idaho Local Rules Civil 6.1 and 7.1(d)(1)(B), good cause exists for the Court to expedite its resolution of the Motion for Clarification and resolve the matter on the briefs without a hearing.

## I.    INTRODUCTION[1]

Diego Rodriguez filed this removal petition (the "Petition") in a blatant attempt to frustrate the legal process and to delay trial in the state court, which is set for July 10, 2023. Rodriguez submitted this Petition to state court yesterday, May 22, 2023, at or around 11:15 p.m. Declaration of Erik Stidham in Support of Motion ("Stidham Decl."), ¶ 3, Ex. A. This morning, the state court rejected the filing. *Id.*, ¶ 4, Ex. B. Then, at 11:27 a.m., Rodriguez filed the Petition in the Court's docket. Dkt. 29. Notably, there is a hearing in the state court today, May 23, 2023 at 2:30 p.m. on two motions filed by St. Luke's Parties: a motion for contempt and attorney fees against Rodriguez, and a motion requesting a hearing on damages as to defaulted defendants Bundy and his entities, Bundy for Governor and People's Rights Network ("PRN"). Stidham Decl., ¶ 5, Ex. C. The state court is also slated to hold a status conference today to discuss case management deadlines and the July 10, 2023 trial date. *Id.* Thus, the timing and sequence of Rodriguez's submission of the Petition to state and federal court could not be more circumspect.

The Petition comes on the heels of the Court's dismissal of a similar removal petition filed by the other individually named defendant in the state lawsuit, Ammon Bundy. *See* Dkt. 1; and Dkt. 26. As with Bundy's petition, this Petition has no merit. Because there is no subject

---

[1] St. Luke's Parties hereby incorporate into this memorandum the arguments and factual background, along with the Declaration of Jennifer M. Jensen and exhibits thereto in support of the Motion to Dismiss Petition or Remand to State Court and accompanying materials in full at Dkts. 6; 6-1; 6-2; 6-3; 6-4; 6-5; and 6-6.

matter jurisdiction, the Court should immediately dismiss or remand, *sua sponte*, to avoid further delay and abuse of the legal process.

## II.   ARGUMENT

### A.   Subject Matter Jurisdiction Is Absent and the Court must Dismiss the Petition and Remand.

#### 1.   A Court Must Dismiss When Subject Matter Jurisdiction Is Lacking.

Federal Rule of Civil Procedure 12 mandates dismissal of an action when subject matter jurisdiction is lacking. F.R.C.P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). The court has an independent duty to assure that subject-matter jurisdiction exists. *Wash. Envt'l Council v. Bellon*, 732 F.3d 1131, 1139 (9th Cir. 2013). Accordingly, the court may dismiss *sua sponte*. *See Scholastic Entm't, Inc. v. Fox Entm't Grp., Inc.*, 336 F.3d 982, 989 (9th Cir. 2003) (affirming *sua sponte* dismissal).

#### 2.   A Court Must Remand an Action That Is Removed Without Subject Matter Jurisdiction and May Remand for Procedural Defects in Removal.

"A motion to remand may be brought under 28 U.S.C. § 1447(c) on the grounds of a defect in the removal process or if the district court lacks subject matter jurisdiction." *Eckwortzel v. Crossman*, 561 F. Supp. 2d 1144, 1148 (D. Idaho 2008).

If the court lacks subject matter jurisdiction, it is required to remand the case to state court and may do so *sua sponte*. *Maniar v. Fed. Deposit Ins. Corp.*, 979 F.2d 782, 785 (9th Cir. 1992); *see also* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."). Remand due to procedural defects, on the other hand, requires a motion. *Kelton Arms Condo. Owners Ass'n v. Homestead Ins. Co.*, 346 F.3d 1190, 1192 (9th Cir. 2003).

MEMORANDUM IN SUPPORT OF EXPEDITED MOTION TO DISMISS PETITION OR REMAND TO STATE COURT - 3

The party invoking removal jurisdiction bears the burden of proving jurisdiction. *Id.* To determine whether there is a jurisdictional basis for removal, the district court considers the allegations of the complaint, facts presented in the removal petition, and "any summary-judgment-type evidence" at the time of removal. *Wilson v. Union Sec. Life Ins. Co.*, 250 F. Supp. 2d 1260, 1263 (D. Idaho 2003).

The court must "strictly construe the removal statute against removal jurisdiction." *Sharma v. HSI Asset Loan Obligation Trust 2007-1*, 23 F.4th 1167, 1170 (9th Cir. 2022) (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)). "[W]here doubt regarding the right to removal exists, [the] case should be remanded to state court." *Wilson*, 250 F. Supp. 2d at 264 (quoting *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003)).

**B.** **Here, the Petition Must Be Dismissed or the Action Remanded Because There Is No Subject Matter Jurisdiction.**

**1.** **There Is No Diversity Jurisdiction.**

As this Court has already found, complete diversity does not exist between the parties to the state court lawsuit. Dkt. 26 at 6; *see also Campbell v. Pac. Fruit Express Co.*, 148 F. Supp. 209, 210 (D. Idaho 1957); *see also Nerco Delamar Co. v. N. Am. Silver Co.*, 702 F. Supp. 809, 812 (D. Idaho 1989). Nothing has changed in the makeup of the parties between the Court's dismissal of Bundy's petition on May 19, 2023, and today.

As the Court noted in its order dismissing the Bundy petition, each of St. Luke's Parties are citizens of Idaho and so is Bundy—those facts alone defeat complete diversity. Dkt. 26 at 6. However, in the Petition, Rodriguez incorrectly asserts that this Court got the law wrong because he and Bundy "are individual citizens and not corporations or companies." *See* Dkt. 29 at 4. Yet, as is evidenced by the multiple affidavits and declarations in the docket, the self-identified

members of PRN are Idaho residents. *See e.g.*, Dkt. 14, Kim Yanecko Declaration, indicating Idaho address; Dkt. 17, Steven Shearer Affidavit, indicating Idaho residency; Dkt 25, Frances Collicott Affidavit, indicating Idaho residency; and Dkt. 28, Paul Alan Smith Affidavit, indicating Idaho residency. *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) (An unincorporated association "has the citizenships of all of its members.") .

The record is clear: the parties are not diverse and the Court cannot exercise jurisdiction on the basis of diversity. Thus, the only possible jurisdictional avenue is if the case presents a federal question. *Id.* That too has not changed with Rodriguez's Petition—there is no federal question jurisdiction, either.

### 2.    There Is No Federal Question Jurisdiction.

#### a)    Federal question jurisdiction is absent because all claims arise under state law.

As the Court has already found, because St. Luke Parties' bring claims solely based on state law, the Court is unable to exercise federal question jurisdiction. Dkt. 26 at 7; *see also* Dkt. 5-3, ¶¶ 140-177, 222-227; Jensen Decl., Ex. A at ¶¶ 140-177, 222-227. As such, the Court does not have jurisdiction to reach the merits and it must remand the case, again.

Like Bundy, Rodriguez cannot create federal question jurisdiction by alleging a federal defense. *See* Dkt. 29 at 2-3 ("I am being persecuted for having exercised my right to free speech […] an issue which […] brings this matter into Federal jurisdiction."). A defense arising under federal law does not create federal question jurisdiction. *See* Dkt. 26 at 7; *also see e.g.*, *Newtok Vill. v. Patrick*, 21 F.4th 608, 616 (9th Cir. 2021); *Hall v. N. Am. Van Lines, Inc.*, 476 F.3d 683, 687 (9th Cir. 2007). Because this case lacks federal question jurisdiction, the Petition must be dismissed and the Court must issue an order remanding the case.

**C.    Rodriguez's Petition Is Untimely.**

The initial Complaint was filed in state court on May 11, 2022. *See* Dkt. 6-2, ¶ 3.

Rodriguez filed an Answer to the St. Luke's Parties' Amended Complaint in the state court

lawsuit on September 7, 2023. Stidham Decl., ¶ 6, Ex. D. He filed his Petition today, on May 23,

2023, long after the statutory 30-day window had passed. *See* Dkt. 29 at 1. The Petition is

untimely, establishing yet another basis for remand. *See* 28 U.S.C. § 1446(b)(1); *see also*

*Arizona P.S.C. v. Michael*, No. 22-15853, 2022 WL 4074659, at *2 (9th Cir. June 28, 2022).

**D.    The Petition Did Not Attach Any Pleadings or Other Papers From the Case.**

Rodriguez's Petition is made pursuant to 28 U.S.C. § 1446(a), which requires that a

notice of removal be filed "together with a copy of all process, pleadings, and orders served upon

such defendant or defendants in such action." *See* Dkt. 29 at 1. The Petition, however, does not

include a copy of the operative Fourth Amended Complaint, inhibiting the court's review of the

causes of action, which are plainly stated law claims between Idaho citizens. Thus, the Petition is

procedurally improper and may be dismissed on that basis. *See* Dist. Idaho Loc. Civ. R. 83.4(d);

*see also* Dkt. 26 at 8.

**E.    The St. Luke's Parties Are Entitled to Attorneys' Fees if the Court Grants
         Their Motion to Remand Because Rodriguez Lacked an Objectively
         Reasonable Basis for Seeking Removal.**

Attorneys' fees and costs are recoverable upon an order of remand. *See* 28 U.S.C.

§ 1447(c) ("An order remanding the case may require payment of just costs and any actual

expenses, including attorney fees, incurred as a result of the removal."). Specifically, the party

seeking remand may recover attorneys' fees when "the removing party lacked an objectively

reasonable basis for seeking removal." *Mahoney v. Emerson Elec. Co.*, 478 F. Supp. 3d 1051,

1057 (D. Idaho 2020). "In determining whether attorney fees are appropriate, district courts

should consider whether the purpose of removal was to prolong litigation and/or impose costs on the opposing party." *Id.* (internal quotation marks omitted).

The state court has ordered Rodriguez to participate in discovery and sanctioned Rodriguez multiple times for failing to adhere to its discovery orders, including to show for properly noticed and scheduled depositions. Stidham Decl., ¶ 7, Ex. E. The state court has also entered a preliminary injunction and protective order requiring the defendants, including Rodriguez, to stop harassing, intimidating, and threatening to harass witnesses and potential witnesses in the lawsuit.  *See* Dkt. 6-1, ¶ 9, Ex. C, Ex. D. The St. Luke's Parties have filed a motion for contempt against Rodriguez for violation of the protective order barring witness intimidation. *See* Dkt. 6-1 at 14, n. 4. Rodriguez's violations of the protective order continue. As is demonstrated by an email he sent to counsel for St. Luke's Parties related to this very Petition, his intent is not to comply with the state court's orders—rather to disregard them and continue to harass people. Stidham Decl., ¶ 8, Ex. F.

Here, the timing of Rodriguez's Petition alone shows it was filed to delay trial and prolong the litigation, which would result in an increase costs for the St. Luke's Parties. There is no reason other than a dilatory motive for Rodriguez's decision to file the Petition now. St. Luke's Parties request the Court award costs and fees incurred as a result of the Petition.

### III.    CONCLUSION

The limits of federal subject matter jurisdiction are clear, and Rodriguez's Petition either must be dismissed or the case remanded to state court. St. Luke's Parties respectfully request this Court to expedite its ruling on this Motion to prevent further abuse of legal process.

//

//

DATED:  May 23, 2023

                HOLLAND & HART LLP

                By: */s/Erik F. Stidham*
                      Erik F. Stidham
                      Jennifer M. Jensen
                      Zachery J. McCraney
                      ATTORNEYS FOR RESPONDENTS

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 23rd day of May, 2023, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

n/a

AND I FURTHER CERTIFY that on the 23rd day of May, 2023, I served the foregoing on the following non-CM/ECF Registered Participants in the manner indicated:

Via first class mail, postage prepaid addressed as follows:

Ammon Bundy
Ammon Bundy for Governor
People's Rights Network
4615 Harvest Lane
Emmett, ID 83617-3601

Diego Rodriguez
Freedom Man PAC
Freedom Man Press LLC
1317 Edgewater Dr. #5077
Orlando, FL 32804


*/s/ Erik F. Stidham*
Erik F. Stidham
of HOLLAND & HART LLP

21524136_v1

MEMORANDUM IN SUPPORT OF EXPEDITED MOTION TO DISMISS PETITION OR REMAND TO STATE COURT - 9