Erik F. Stidham (ISB #5483)
Jennifer M. Jensen (ISB #9275)
Zachery J. McCraney (ISB #11552)
HOLLAND & HART LLP
800 W. Main Street, Suite 1750
Boise, ID 83702-7714
Telephone:  208.342.5000
Facsimile:  208.343.8869
efstidham@hollandhart.com
jmjensen@hollandhart.com
zjmccraney@hollandhart.com

Attorneys for Respondents

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| AMMON BUNDY, AMMON BUNDY FOR GOVERNOR, DIEGO RODRIGUEZ, FREEDOM MAN PAC, PEOPLES RIGHTS NETWORK, and FREEDOM MAN PRESS LLC, <br><br> Petitioners. <br><br> vs. <br><br> ST. LUKES HEALTH SYSTEM LTD, ST. LUKES REGIONAL MEDICAL CENTER LTD, CHRIS ROTH, NATASHA ERICKSON, MD, and TRACY JUNGMAN, <br><br> Respondents. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Case No. 1:23-cv-00212-DCN <br><br> **MEMORANDUM IN SUPPORT OF RESPONDENTS' MOTION FOR ATTORNEY FEES** |

Respondents St. Luke's Health System Ltd., St. Luke's Medical Center Ltd., Chris Roth, Natasha Erickson, MD, and Tracy Jungman NP (collectively "St. Luke's Parties" or "Respondents"), by and through their attorneys, Holland & Hart LLP, submit this Memorandum in support of their Motion for Attorney Fees.

MEMORANDUM IN SUPPORT OF RESPONDENTS' MOTION FOR
ATTORNEY FEES - 1

## I.     INTRODUCTION

On May 19, 2023, the Court granted the St. Luke's Parties' Motion to Dismiss or Remand, retaining limited jurisdiction to decide the issue of attorney fees.  Pursuant to 28 U.S.C. § 1447(c), the St. Luke's Parties now request that the Court award them their reasonable attorney fees.

First, Ammon Bundy's and Diego Rodriguez's bases for removal contradicted well-settled subject matter jurisdiction law.  Bundy and Rodriguez attempted to invoke the Court's diversity jurisdiction despite tacitly acknowledging on the face of their petition that complete diversity was lacking.  They attempted to invoke federal question jurisdiction although there are no federal claims in this case.  And they alleged equal rights removal although there is no racial discrimination claim or defense.  Each basis was frivolous.

Second, Bundy and Rodriguez waited nearly a year after the case was brought—and only weeks before trial—to seek removal.  This strategically timed petition also came mere weeks after a warrant of attachment was issued for Bundy's arrest, based on probable cause that he had violated the state court's protective order barring harassment and intimidation of witnesses. Bundy and Rodriguez's removal was nothing more than an attempt to prolong litigation and avoid accountability in state court.

Finally, Bundy and Rodriguez used removal as a weapon to incite their followers, harass the St. Luke's Parties, and defame the legal system.  This improper use of removal was prejudicial to the St. Luke's Parties, who had to deal with the cost of diverting time to frivolous motions, the concern that Bundy and Rodriguez would use the removal as a smokescreen to claim that the state court protective order—put in place for the safety of witnesses—was not effective, and the potential that the St. Luke's Parties would lose their trial date because of the strategically timed removal filing.  Fees are appropriate.

## II.   STATEMENT OF FACTS

In May 2022, the St. Luke's Parties (all Idaho citizens) brought this action in state court against Bundy, Rodriguez, and entities they control (at least some Idaho citizens), alleging state law claims for defamation, false-light invasion of privacy, intentional infliction of emotional distress, common law trespass, statutory trespass, violations of Idaho's Unfair Business Practices Act, violations of Idaho's Charitable Contributions Act, and civil conspiracy.  *See* Dkt. 26 at 2, 6. Although Rodriguez has appeared in the state court case, he has never meaningfully engaged in the court process, refusing to respond to discovery or sit for a deposition, and violating several court orders.  Declaration of Erik F. Stidham ("Stidham Decl."), ¶ 2.  Bundy has never appeared in state court.  *See* Dkt. 26 at 3; Stidham Decl., ¶ 2.

On May 1, 2023, nearly one year after the case was filed and about two weeks after the state court, in response to a motion for contempt, issued a warrant for Bundy's arrest on probable cause that he had violated the protective order prohibiting threats, harassment, and intimidation of witnesses, Bundy sought to remove the lawsuit to federal court.  Dkt. 1; Stidham Decl., ¶ 3. Bundy premised his removal on diversity, federal question, and Equal Rights.  *See* Dkt. 1.  On May 9, 2023, Rodriguez filed a petition to join Bundy's removal.  *See* Dkt. 7.

On May 8, 2023, the St. Luke's Parties moved to dismiss or remand the case to state court and requested the Court grant them their attorney fees.  *See* Dkt. 6-1 at 13.  Bundy filed a response on May 11.  Dkt. 11.  Because of the fast-approaching trial date (July 10), on May 12, the St. Luke's Parties filed a Motion to Expedite, urging the Court to resolve the matter soon. Dkt. 12; Stidham Decl., ¶ 5.  They also filed a motion seeking clarification on the application of the removal statute on state court cases, due to the many prospective orders and pending discovery requests in the state court action.  Stidham Decl., ¶ 5.  Bundy filed an "Additional Memorandum" in support of removal on May 15.  Dkt. 13.  A few days later, on May 19, the

MEMORANDUM IN SUPPORT OF RESPONDENTS' MOTION FOR
ATTORNEY FEES - 3

Court granted the St. Luke's Parties' motion to dismiss and remanded the case to state court.

Dkt. 26.  In so doing, the Court authorized the St. Luke's Parties "30 days to submit a motion for

costs, fees, and or any other relief they seek." *Id*. at 9.

After this Court had resolved the petition for removal, on May 23, Rodriguez filed a

second notice of removal.  Dkt. 29.  He filed it the same day as the hearing in the state court on

the St. Luke's Parties' motion for contempt against him alleging numerous violations of the

protective order banning threats, harassment, and intimidation of witnesses.  Stidham Decl., ¶ 7.

The state court hearing had been set since May 2.  *Id.*  Hours after Rodriguez's second notice of

removal was filed, the St. Luke's Parties filed a second motion to dismiss or remand in the

federal court.  Dkt. 30; Stidham Decl., ¶ 7.  Despite their expeditious response, the state court felt

compelled to re-set the motion for contempt to a later date, the pretrial conference on June 6.

Stidham Decl., ¶ 7.  Rodriguez filed an opposition to the motion for contempt in state court on

June 5.  On June 6, the state court again issued a warrant of attachment for Rodriguez.  *Id.*  This

Court denied the second notice of removal as moot, Dkt. 31, and again stated it retained

jurisdiction to decide the issue of attorney fees, Dkt. 35.

### III.   ARGUMENT

Federal Rule of Civil Procedure 54(d)(2) governs attorney fee awards and permits parties

to file motions for attorney fees.  *See* Fed. R. Civ. Proc. 54 (d)(2); *see also* Dist. Local R. 54.2.

"Accordingly, any 'claim for attorneys' fees and related nontaxable expenses must specify the

statute, rule, or other grounds entitling the movant to the award."  *W. Mortg. & Realty Co. v.*

*Keybank Nat'l Ass'n*, No. 1:13-cv-00216-EJL-REB, 2019 U.S. Dist. LEXIS 199954, at *20 (D.

Idaho Jan. 2, 2019) (citing Fed. R. Civ. P. 54(d)(2)(B)(ii)) (alterations omitted).

"Pursuant to 28 U.S.C. § 1447(c), an order remanding a case back to state court 'may

require payment of just costs and any actual expenses, including attorney fees, incurred as a

MEMORANDUM IN SUPPORT OF RESPONDENTS' MOTION FOR
ATTORNEY FEES - 4

result of the removal.'" *Snyder v. Boise Cnty.*, No. 1:22-cv-00350-DCN, 2023 U.S. Dist. LEXIS 102248, at *4 (D. Idaho June 9, 2023) (quoting 28 U.S.C. § 1447(c)).  The "standard for awarding fees should turn on the reasonableness of the removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).  Indeed, the party seeking remand may recover attorney fees when "the removing party lacked an objectively reasonable basis for seeking removal." *Mahoney v. Emerson Elec. Co.*, 478 F. Supp. 3d 1051, 1057 (D. Idaho 2020) (citation omitted). "In determining whether attorney fees are appropriate, district courts should consider whether the purpose of removal was to prolong litigation and/or impose costs on the opposing party." *Id*.

Here, Bundy and Rodriguez's procedurally defective and substantively deficient removal petition lacked any reasonable basis and was filed for improper purposes.

### A.    PETITIONERS' REMOVAL PETITION LACKS A REASONABLE LEGAL BASIS.

First, Bundy and Rodriguez contradicted well-settled law when they attempted to invoke the Court's diversity jurisdiction despite the clear lack of complete diversity.  *Campbell v. Pac. Fruit Express Co.*, 148 F. Supp. 209, 210 (D. Idaho 1957); *see also Nerco Delamar Co. v. N. Am. Silver Co.*, 702 F. Supp. 809, 812 (D. Idaho 1989) (remanding to state court due to lack of complete diversity).  In his opening filings, Bundy flippantly states that diversity jurisdiction is proper despite indicating on his Civil Cover Sheet that both he and the Respondents are citizens of the State of Idaho.  *See* Dkt. 1 at 1 (stating the jurisdiction pursuant to 28 U.S.C. § 1332 "is proper"); Dkt. 1-1 (acknowledging that both he and defendants are Idaho citizens).  "What's more, several of the Plaintiff entities are also citizens of Idaho for diversity purposes."  Dkt. 26 at 6.  Under these circumstances, there was no reasonable basis for diversity jurisdiction. *Powell v. Healy*, No. 21-55477, 2022 U.S. App. LEXIS 25776, at *2-3 (9th Cir. Sep. 13, 2022) ("no

MEMORANDUM IN SUPPORT OF RESPONDENTS' MOTION FOR
ATTORNEY FEES - 5

objectively reasonable basis to remove the action when the face of the Complaint reveals an absence of diversity").

Second, there was no basis for federal question jurisdiction. *See* Dkt. 1 at 1; Dkt. 7 at 5. Bundy and Rodriguez did not assert that the St. Luke's Parties' claims arise under federal law. Nor can they. Each of the causes of action unquestionably arise from state law. *See* Dkt. 6-1 at 9-10 (listing causes of action); Dkt. 26 ("St. Luke's brings claims solely based on state law"). And because it's "settled law that a case may not be removed to federal court on the basis of a federal defense[,]" *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 393 (1987), any federal defenses that Bundy and Rodriguez may think they are entitled are irrelevant. *See* C*ouncil for Private Postsecondary & Vocational Educ. v. Columbia Pac. Univ.*, No. C-98-00181-VRW, 1998 U.S. Dist. LEXIS 1517, at *4 (N.D. Cal. Feb. 6, 1998) (finding attorney fees for improper removal appropriate when defendant sought to obtain removal jurisdiction by asserting a federal defense).

Third, Bundy's invocation of Equal Rights Removal is completely meritless. Dkt. 1 at 1. Bundy didn't even attempt to allege "that he faces disparate racial treatment . . . ." Dkt. 26 at 7. Nor did he reference "a state statute or constitutional provision purporting to command the state court to ignore his federal rights." Dkt. 26 at 7-8. Bundy's invocation of 28 U.S.C. § 1443—when the facts contradict any basis for removal under Section 1443—demonstrates the frivolous and baseless nature of his petition and justifies the relief sought. *See Idaho v. Native Wholesale Supply Co.*, No. 08-CV-396-S-EJL, 2009 U.S. Dist. LEXIS 28688, at *10 (D. Idaho Apr. 6, 2009) ("Costs and fees are appropriate when established law clearly forecloses removal.").

Finally, as the Court noted in its May 19, 2023, Memorandum Decision and Order, Bundy's and Rodriguez's removal filings were littered with procedural defects. *See* Dkt. 26 at 8. Succinctly put, Bundy's notice of removal was filed almost a year late, the Petitioner

MEMORANDUM IN SUPPORT OF RESPONDENTS' MOTION FOR
ATTORNEY FEES - 6

corporations were not represented by an attorney and therefore did not consent to removal, and

Bundy didn't comply with the filing requirements. *See id*. Each of these procedural deficiencies

further support the St. Luke's Parties' request for fees.

**B.     THE REMOVAL WAS MERELY AN ATTEMPT TO EVADE ARREST AND DELAY A JUDGMENT—NOT AN ATTEMPT TO DEFEND AGAINST THE LAWSUIT.**

The removal was filed merely to prolong litigation and impose costs on the St. Luke's

Parties. Bundy didn't file for removal until May 2023—nearly a year after the case was brought

and only two months before trial. *See* Stidham Decl., ¶¶ 2-3, 5. Given Bundy's public

statements about hiding his assets, it's clear that his strategically timed removal is an attempt to

buy time so he can shore up his fraudulent transfers. *See* Dkt. 6-2, ¶ 11 (noting that Bundy

publicly admitted that he is fraudulently hiding his assets).

Moreover, Bundy's removal was filed mere weeks after the state court issued a warrant

of attachment for his arrest. *See* Dkt. 6-1 at 3. In short, Bundy's removal was intended to

prolong the state court proceedings and evade accountability for his actions. This is precisely the

conduct that Section 1447(c) was designed to deter. *See Showalter v. Boise Cty.*, No. 1:21-cv-

00404-DCN, 2022 U.S. Dist. LEXIS 30280, at *7 (D. Idaho Feb. 18, 2022) ("The goal of

awarding fees under § 1447(c) is 'to deter removals sought for the purpose of prolonging

litigation and imposing costs on the opposing party").

Bundy's and Rodriguez's disregard of court orders, their refusal to engage in discovery,

and their frivolous attempt at removal have driven up the costs of this litigation, required the

St. Luke's Parties to expend additional time responding to baseless filings just weeks before trial,

and wasted judicial resources. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 140 (2005)

("The process of removing a case to federal court and then having it remanded back to state court

delays resolution of the case, imposes additional costs on both parties, and wastes judicial resources."). Fees are appropriate.

**C.   BUNDY AND RODRIGUEZ USED THEIR REMOVAL PETITION TO HARASS AND DENIGRATE THE ST. LUKE'S PARTIES, THEIR COUNSEL, AND THE STATE COURT JUDGE, AND TO INCITE OTHERS.**

The prejudice removal caused goes beyond time and money. Bundy and Rodriguez have used removal as a weapon to harass and denigrate the St. Luke's Parties, counsel, and the state court judge. Indeed, Bundy accused St. Luke's of bullying citizens, engaging in "Lawfare," and suppressing the rights of citizens. Dkt. 2 at 2. He referred to the St. Luke's Parties' lead attorney as "Head Fairy." *Id*. at 5. And he called both the St. Luke's Parties' lead attorney and the state court judge "Southern carpetbaggers." *Id*. This at the same time Bundy's entity, the People's Rights Network, directed his followers to file affidavits in the federal court, bar grievances against the St. Luke's Parties' counsel, and complaints against the state court judge. *See* https://www.peoplesrights.org/news_view?/what-you-can-and-should-do-to-assist-in-the-lawsuit&id=9bc7bf8c-73b2-48e7-b6d6-af21cbe77abb (last visited June 18, 2023).

In sum, Bundy and Rodriguez attempt to make a mockery of the judicial process by using removal as a means to harass the St. Luke's Parties and incite Bundy's and Rodriguez's base, which further justifies the remedy sought. *See Safeco Ins. Co. v. LSP Prods. Grp.*, No. 1:20-cv-00436-DCN, 2023 U.S. Dist. LEXIS 36128, at *12 (D. Idaho Mar. 2, 2023) ("Courts have inherent power to assess attorney fees against a party who has 'acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'") (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, at 45-46 (1991)).

**D.   THE ST. LUKE'S PARTIES' REQUESTED ATTORNEY FEES ARE REASONABLE.**

The St. Luke's Parties seek reasonable attorney fees that were actually incurred.

MEMORANDUM IN SUPPORT OF RESPONDENTS' MOTION FOR
ATTORNEY FEES - 8

An analysis of a reasonable fee begins with the "lodestar."  The lodestar is the presumptively reasonable fee, "the number of hours reasonably expended multiplied by a reasonable hourly rate."  *Winn v. Amerititle, Inc.*, No. 1:10-cv-016-BLW, 2010 U.S. Dist. LEXIS 124849, at *5 (D. Idaho Nov. 24, 2010).  "Where a [respondent] has obtained excellent results, his attorney should recover a fully compensatory fee."  *Velasco v. Broadway Arctic Circle, LLC*, No. 4:11-cv-00102-BLW, 2012 U.S. Dist. LEXIS 168152, at *17 (D. Idaho Nov. 26, 2012).  The St. Luke's Parties obtained the relief they sought—an expedited remand.

### 1.      Time Spent Was Reasonable.

"[C]ourts typically defer to the winning lawyer's professional judgment as to how much time was required."  *Animal Legal Def. Fund v. Otter*, No. 14-cv-00104-BLW, 2016 U.S. Dist. LEXIS 66463, at *10 (D. Idaho May 18, 2016).  The opposing parties' tactics and their impact on the time reasonably expended by the prevailing party influences the amount of time reasonably spent.  *See Kayser v. McClary*, 875 F. Supp. 2d 1167, 1197 (D. Idaho 2012) ("it is obvious that a considerable amount of the [plaintiffs'] time and related expense correlated to [defendant's] extensive defense tactics").

The time spent was reasonable.  Although the removal filings were frivolous, the St. Luke's Parties were required to brief and respond to several different bases for removal.  In other words, by conclusory citing various bases for removal in their petition, Bundy and Rodriguez caused the amount of time required to respond to increase.

In addition, the St. Luke's Parties only filed the minimum number of pleadings necessary to get the requested remedy.  They didn't file a reply to their motion to dismiss.  *See* Dkt. 26 at 3 (stating that St. Luke's noted in its first motion to expedite that "it did not intend to reply").  The motion to expedite was necessary given the closeness of the removal to the trial in this matter.

*See* Stidham Decl., ¶ 5.  And after Rodriguez filed a second notice of removal just before a state court hearing on contempt against him, the St. Luke's Parties provided an efficient response with minimal time spent.  *Id*., ¶ 7.  The St. Luke's Parties' time spent was reasonable.

### 2.      The Hourly Rates Are Reasonable.

"To determine whether an hourly rate is reasonable, the district court looks to hourly rates prevailing in the relevant legal community for similar work performed by attorneys of comparable skill, experience, and reputation."  *Huntsinger v. Idaho State Univ*., No. 14-cv-00237-BLW, 2016 U.S. Dist. LEXIS 11095, at *5 (D. Idaho Jan. 28, 2016) (citing *Ingram v. Oroudijian*, 647 F.3d 925, 928 (9th Cir. 2011)).  The relevant community is Boise, Idaho, where the Court sits.  *Lakeview Cheese Co., LLC v. Nelson-Ricks Creamery Co.*, No. 4:13-cv-00361-BLW, 2015 U.S. Dist. LEXIS 22351, at *4 (D. Idaho Feb. 23, 2015).

The rates charged to, and paid by, the St. Luke's Parties in this case, as set forth in the Declaration of Erik F. Stidham, are reasonable.  *See* Stidham Decl., ¶¶ 8-17.  The state court in this case has found counsel's rates reasonable.  The St. Luke's Parties have had occasion to file a number of motions for attorney fees in the state court in this case.  *Id.*, ¶ 13. In granting those motions, the state court has not reduced counsel's hourly rates (except for a 10% discount that the St. Luke's Parties receive in this matter).  *Id.*

And courts in the District of Idaho have approved Holland & Hart's rates and rates consistent with them, for other regional firms with attorneys practicing in Boise.  *See, e.g., Lakeview Cheese Co., LLC.*, 2015 U.S. Dist. LEXIS 22351, at *3 (finding Holland & Hart's rates reasonable); *Hardenbrook v. United Parcel Service Co*., Case No. 1:07-CV-00509-EJL-CWD, 2014 WL 524048, at *9 (D. Idaho Feb. 7, 2014) (same); *LaPeter v. Canada Life Ins. Co.*, No. CV06-121-S-BLW, 2009 WL 1313336, at *3 (D. Idaho May 11, 2009) (same); *LaPeter v.*

*Canada Life Ins. Co.*, No. CV06-121-S-BLW, 2007 WL 4287489, at *2 (D. Idaho Dec. 4, 2007);

*Sparks v. Allstate Med. Equip., Inc.*, No. 1:14-cv-00166-EJL-CWD, 2016 WL 11398120, at *1, 8

(D. Idaho Aug. 11, 2016) (approving Boise-based Perkins Coie attorney rates), recommendation

adopted 2016 WL 5661758 (D. Idaho Sept. 29, 2016).

> **3.    The St. Luke's Parties Seek $8,744.40 Against Bundy, $2,459.25 Against Rodriguez, and $6,899.40 Jointly Against Bundy and Rodriguez.**

Given the timeline of filings related to the frivolous removal(s), fees incurred can be

broken down by party fairly easily.  On May 1, 2023, Bundy initiated the first removal, and the

St. Luke's Parties responded (on May 8) before Rodriguez filed his joinder in the removal (on

May 9).  *See* Stidham Decl., ¶¶ 3-4.  Accordingly, the fees incurred from May 1, 2023, through

May 8, 2023, are attributed to Bundy.  As detailed in the Exhibit to the Stidham Declaration, this

amount is $8,744.40.

The fees incurred from May 9, 2023, through May 19, 2023, are attributed to both Bundy

and Rodriguez, since both were actively filing in the federal court during that period.  As set

forth in the Exhibit to the Stidham Declaration, this amount is $6,899.40.

After May 19, 2023, when this Court granted the St. Luke's Parties' Motion to Dismiss or

Remand, Rodriguez sought to renew the removal by filing a second notice.  *See* Dkt. 29.  Bundy

did not appear to participate in this second attempt at removal.  The St. Luke's Parties were

forced to respond because of the complications the second notice had created in the state court

action.  *See* Stidham Decl., ¶ 7.  The fees for this period of time are set forth in the Exhibit:

$2,459.25.

MEMORANDUM IN SUPPORT OF RESPONDENTS' MOTION FOR
ATTORNEY FEES - 11

## IV.    CONCLUSION

Based on the foregoing, the St. Luke's Parties request an order awarding reasonable attorney fees of $8,744.40 against Bundy, $2,459.25  against Rodriguez, and $6,899.40 against Bundy and Rodriguez jointly.

DATED:  June 20, 2023

HOLLAND & HART LLP


By: */s/Erik F. Stidham*
    Erik F. Stidham
    Jennifer M. Jensen
    Zachery J. McCraney

ATTORNEYS FOR RESPONDENTS

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 20th day of June, 2023, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

n/a

AND I FURTHER CERTIFY that on such date I served the foregoing on the following non-CM/ECF Registered Participants in the manner indicated:

Via first class mail (on 6/21/23), postage prepaid addressed as follows:

Ammon Bundy
Ammon Bundy for Governor
People's Rights Network
4615 Harvest Lane
Emmett, ID 83617-3601

Diego Rodriguez
Freedom Man PAC
Freedom Man Press LLC
1317 Edgewater Dr. #5077
Orlando, FL 32804

Via email (on 6/20/23):

Ammon Bundy – aebundy@bundyfarms.com
Diego Rodriguez - freedommanpress@protonmail.com

*/s/ Erik F. Stidham*
Erik F. Stidham
of HOLLAND & HART LLP

21642903_v1

MEMORANDUM IN SUPPORT OF RESPONDENTS' MOTION FOR
ATTORNEY FEES - 13