Erik F. Stidham (ISB #5483)
Jennifer M. Jensen (ISB #9275)
Zachery J. McCraney (ISB #11552)
HOLLAND & HART LLP
800 W. Main Street, Suite 1750
Boise, ID 83702-7714
Telephone:  208.342.5000
Facsimile:  208.343.8869
efstidham@hollandhart.com
jmjensen@hollandhart.com
zjmccraney@hollandhart.com

Attorneys for Respondents

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| AMMON BUNDY, AMMON BUNDY FOR GOVERNOR, DIEGO RODRIGUEZ, FREEDOM MAN PAC, PEOPLES RIGHTS NETWORK, and FREEDOM MAN PRESS LLC,<br><br>　　　　Petitioners.<br><br>vs.<br><br>ST. LUKES HEALTH SYSTEM LTD, ST. LUKES REGIONAL MEDICAL CENTER LTD, CHRIS ROTH, NATASHA ERICKSON, MD, and TRACY JUNGMAN,<br><br>　　　　Respondents. | Case No. 1:23-cv-00212-DCN<br><br>**MEMORANDUM IN SUPPORT OF MOTION TO HOLD AMMON BUNDY AND DIEGO RODRIGUEZ IN CONTEMPT** |

Respondents, by and through their attorneys, Holland & Hart LLP, submit this Memorandum in support of their Motion to Hold Petitioners Ammon Bundy and Diego Rodriguez in Contempt ("Motion") for failure to comply with this Court's Memorandum and Decision Order ("Fees Order") of November 2, 2023. Dkt. 37.

MEMORANDUM IN SUPPORT OF MOTION TO HOLD AMMON BUNDY AND DIEGO RODRIGUEZ IN CONTEMPT - 1

I.   INTRODUCTION

On November 2, 2023, the Court ordered Defendants Ammon Bundy ("Bundy") and Diego Rodriguez ("Rodriguez") to pay the attorney fees incurred by St. Luke's Parties in responding to Bundy's and Rodriguez's meritless removals of a state court case to this federal District Court. Bundy and Rodriguez were ordered to pay the fees within 30 days of November 2nd. Bundy and Rodriguez have defied the Court's Fees Order by taking no steps to pay the fees. Bundy and Rodriguez each have extensive histories of defying court orders and frustrating the orderly resolution of legal disputes. Because Bundy and Rodriguez have defied the clear and unambiguous Fees Order, they should be ordered to show cause for their failure to pay the award, and if they do not, they should be held in contempt and sanctioned to coerce compliance. The Court should also award St. Luke's Parties' reasonable fees incurred in bringing this Motion

II.   BACKGROUND

A.   **Bundy's and Rodriguez's Meritless Removal Pleadings; Resultant Fees Order**

Bundy filed a Notice of Removal on May 1, 2023. Dkt. 1. On May 19, 2023, the Court entered an order remanding this case back to state court due to lack of jurisdiction, amongst other procedural defects. Dkt. 26. However, on May 23, 2023, despite the Court's order remanding the case, Rodriguez filed a "Notice of Removal" for the same state court case. Dkt. 29. The Court considered the pleading a motion for reconsideration of its earlier order remanding the case and denied the same. Dkt. 31. On June 20, 2023, St. Luke's Parties filed a Motion for Attorney's Fees ("Fees Motion"). Dkt. 36.

On November 2, 2023, the Court awarded attorney's fees against Bundy and Rodriguez after determining that Bundy and Rodriguez had no objectively reasonable basis to remove the case from state court to this Federal District Court. Dkt. 37 at 4. In ruling on the Fees Motion, the

Court found the grounds for removal offered by Bundy and Rodriguez were meritless; there was no basis for diversity jurisdiction nor federal question jurisdiction. *Id.* at 4-5. The Court also noted that the timing of the actions for removal raised suspicions about the motivations of Bundy and Rodriguez, given that Bundy filed his notice of removal on the heels of the state court's issuance of an arrest warrant, and Rodriguez filed his "Notice of Removal" the same day as a hearing on a motion for contempt against him based on his many violations of the state court's orders. *See id.* at 6-7.

After engaging the *Lodestar* calculations, the Court awarded St. Luke's attorney's fees in the amounts "of $8,744.40 against Bundy, $2,459.25 against Rodriguez, and $6,899.40 against Bundy and Rodriguez jointly." *Id.* at 11. The Court ordered Bundy and Rodriguez to pay the fees within 30 days of its November 2, 2023 Memorandum Decision Order and Amended Judgment ("Judgment"). *Id.*; Dkt. 38.

Through the date of this Motion, Bundy and Rodriguez have not paid the fees awarded to St. Luke's Parties by the Court. Affidavit of Jennifer M. Jensen in Support of Motion for Order of Contempt ("Jensen Aff."), ¶ 2.

### B. The History of Bundy's and Rodriguez's Purposeful Non-Compliance with Court Orders

In addition to failing to comply with this Court's Fees Order and Judgment, Bundy and Rodriguez have a history of purposeful non-compliance with court orders. On July 24, 2023, a jury returned a $52 million verdict for damages caused to St. Luke's Parties by an ongoing campaign of defamation led by Bundy and Rodriguez. Jensen Aff., ¶ 3. The court in the Ada County Case entered a permanent injunction requiring the defendants, including Bundy and Rodriguez, to cease making defamatory statements perpetuating the false narrative that St. Luke's Parties participated in a conspiracy to kidnap, traffic, and harm children and to remove

MEMORANDUM IN SUPPORT OF MOTION TO HOLD AMMON BUNDY AND DIEGO RODRIGUEZ IN CONTEMPT - 3

existing defamatory statements from online. *Id.*, ¶ 4, Ex. A. Instead of obeying the Court's order, Bundy and Rodriguez doubled down on their defamatory statements by making new content and maintaining existing defamatory posts online. *Id.*, ¶¶ 5 and 7, Exs. B-C. In the Ada County Case alone, St. Luke's Parties had to move for contempt against Bundy five times for his ongoing refusal to submit to the rule of law and had to move for contempt two times against Rodriguez for the same. *Id.*, ¶¶ 9-10. The contempt actions in the Ada County Case were for violations of discovery orders, violation of the protective order prohibiting witness intimidation, and violations of the Permanent Injunction. *Id.* Bundy and Rodriguez also continue to ignore or openly defy and obstruct process to collect on the judgment issued in the Ada County Case. *See id.*, ¶¶ 5-8; 9-12, Exs. B, C and D. Such obstruction includes Bundy's fraudulent transfer of a primary asset, his ranch property, in Emmett, Idaho. *Id.*, ¶ 11.

### III. STANDARDS OF LAW

#### A. Contempt Generally

Federal Rule of Civil Procedure 70 permits a court to hold a party in contempt when a judgment requires a party to perform a "specific act and the party fails to comply within the time specified[.]" Fed. R. Civ. P. 70(a) and (e). More generally, civil contempt can also occur when a party disobeys "a specific and definite court order by failure to take all reasonable steps within the party's power to comply." *In re Dual-Deck Video Cassette Recorder Antitrust Litig.*, 10 F.3d 693, 695 (9th Cir. 1993). Civil contempt need not be willful. *Reno Air Racing Ass'n v. McCord*, 452 F.3d 1126, 1130 (9th Cir. 2006) (internal quotations and citations omitted). The moving party has the initial burden of showing by clear and convincing evidence that the contemnors violated a specific and definite order of the court. *See Donovan v. Mazzola*, 716 F.2d 1226, 1240 (9th Cir. 1983) (distinguished on other grounds). The burden then shifts to the contemnors to

demonstrate why they were unable to comply. *Stone v. City and County of San Francisco*, 968 F.2d 850, 856 n. 9 (9th Cir. 1992) (citations omitted). If the contemnor asserts he is unable to comply, he must produce "evidence showing that he has taken all reasonable steps to comply" and such explanation "must be categorical and detailed[.]" *United States v. Bright*, No. 07-00311 ACK-KSC, 2009 U.S. Dist. LEXIS 15915, at *16, 103 A.F.T.R.2d (RIA) 2009-1126 (D. Haw. Feb. 27, 2009); *see also Balla v. Idaho St. Bd. of Corrections,* 869 F.2d 461, 466 (9th Cir. 1989) (distinguished on other grounds).

A court has wide latitude in determining whether there has been contemptuous defiance of its order." *Gifford v. Heckler*, 741 F.2d 263, 266 (9th Cir. 1984); *also see Green v. United States*, 356 U.S. 165, 188, 78 S. Ct. 632, 2 L. Ed. 2d 672 (1958). A court may exercise its civil contempt powers "to coerce the defendant into compliance with the court's order," "to compensate the complainant for losses sustained" or both. *Shell Offshore Inc. v. Greenpeace, Inc.*, 815 F.3d 623, 629 (9th Cir. 2016) (citation omitted); *see also RG Abrams Ins. v. Law Offices of C.R. Abrams*, 342 F.R.D. 461, 531 (C.D. Cal. 2022).

B. **Civil Coercive Contempt – Fines and Compensatory Sanctions**

Coercive sanctions for civil contempt can be either civil coercive sanctions or criminal sanctions depending on the intended purpose of the sanction. *See Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1480 (9th Cir. 1992). When the sanction is intended only to coerce the contemnor to comply with the court's order and is conditioned on any continued non-compliance, the sanction is a coercive civil sanction. *Id.* (affirming district court award of $10,000 per-day sanction for each day party continued to fail to produce documents as ordered by the court). Conversely, if "the sanction is intended to punish past conduct and is imposed for definite amount or period without regard to the contemnor's future conduct, it is criminal." *Id.*

MEMORANDUM IN SUPPORT OF MOTION TO HOLD AMMON BUNDY AND DIEGO RODRIGUEZ IN CONTEMPT - 5

A fine can be imposed for civil contempt as a coercive sanction "to compel the contemnor to do what the law made it his duty to do." *See* § 703 Distinction from Civil Contempt, 3A Fed. Prac. & Proc. Crim. § 703 (4th ed.) (quoting *Penfield Co. v. Securities and Exchange Commission*, 330 U.S. 585, 590 (1947)). Contempt fines are issued to "coerce the defendant into compliance with the court's order, [or] . . . [to] compensate the complainant for losses sustained." *Bingman v. Ward*, 100 F.3d 653, 656 (9th Cir. 1996). In civil contempt proceedings, the court may "assess attorneys' fees . . . 'as part of the fine to be levied on the defendant.'" *Donovan v. Burlington N., Inc.*, 781 F.2d 680, 682 (9th Cir. 1986) (quoting *Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 258, 95 S. Ct. 1612, 44 L. Ed. 2d 141 (1975)). Civil coercive sanctions are payable to the Court. *General Signal Corp. v. Donallco, Inc.*, 787 F.2d 1376, 1380 (9th Cir. 1986). "A court, in determining the size and duration of a coercive fine, must 'consider the character and magnitude of the harm threatened by continued contumacy, and the probable effectiveness of any suggested sanction in bringing about the result desired.'" *Whittaker Corp.*, 953 F.2d at 516 (citing *United States v. United Mine Workers of America*, 330 U.S. 258, 304, 67 S. Ct. 677, 91 L. Ed. 884 (1947)).

Conversely, compensatory contempt awards are payable to the complainant. *United Mine Workers,* 330 U.S. at 304, 67 S. Ct. at 701, 91 L. Ed. 884. In that way, "[c]ompensatory sanctions are intended 'to compensate the contemnor's adversary for the injuries which result from the noncompliance.'" *RG Abrams Ins.*, 342 F.R.D. at 531 (quoting *Falstaff Brewing Corp. v. Miller Brewing Co.*, 702 F.2d 770, 778 (9th Cir. 1983)). "Where compensation is intended, a fine is imposed, payable to the complainant." *United Mine Workers of Am.*, 330 U.S. at 304, 67 S. Ct. at 701, 91 L. Ed. 884. "Such fines must of course be based upon evidence of complainant's

actual loss, and his right, as a civil litigant, to the compensatory fine is dependent upon the outcome of the basic controversy." *Id*

## IV. ARGUMENT

### A. Bundy and Rodriguez Violated the Court's Fees Order and Failed to Comply with the Judgment.

The failure of Bundy and Rodriguez to pay the fee award is a violation of the Court's specific and definitive Fees Order and Judgment. Here the Court's Fees Order included the exact amount of fees to be paid by each Defendant and also included a definite deadline for the payment of such fees—within 30 days of the Fees Order—November 2, 2023.

### B. Bundy and Rodriguez Failed to Take Any Steps to Comply With the Fees Order and Judgment.

Neither Bundy nor Rodriguez have taken any steps, let alone reasonable steps, to comply with the Court's Fees Order and Judgment. Jensen Aff., ¶ 2. When given the chance to respond to St. Luke's Parties' motion for fees, Bundy and Rodriguez left the docket vacant of opposition.

### C. The Sanction of Daily Fines Is Warranted and Necessary to Induce Obedience to the Court's Order and Judicial Authority.

Bundy and Rodriguez failed to comply with the Court's clear order and pay the attorney fees award within 30 days of November 2, 2023. This fact, combined with their lengthy history of non-compliance with court orders in the related Ada County litigation and Gem County litigation supports the need for the imposition of a daily fine for each day the fees awards remain unpaid, with such daily fines to be assessed separately on Bundy and Rodriguez.

District courts award coercive per diem sanctions where a party has failed to comply in the absence of a coercive sanction. In *United States v. Bright*, a district court found coercive sanctions of both $500 per calendar day against one party, and $750 per calendar day against another were warranted where the parties failed to produce outstanding documents requested in

MEMORANDUM IN SUPPORT OF MOTION TO HOLD AMMON BUNDY AND DIEGO RODRIGUEZ IN CONTEMPT - 7

summonses. *United States v. Bright*, No. 07-00311 ACK-KSC, 2009 U.S. Dist. LEXIS 15915, at *4, 103 A.F.T.R.2d (RIA) 2009-1126 (D. Haw. Feb. 27, 2009) (the fines were imposed until the parties complied); *see also Wells Fargo Bank NA v. Wyo Tech Inv. Grp. LLC*, No. CV-17-04140-PHX-DWL, 2019 U.S. Dist. LEXIS 131190, at *7 (D. Ariz. Aug. 6, 2019) (where daily fine of $250 was authorized as a coercive tool to induce compliance with subpoenas); *also see Snow Joe, LLC v. Linemart Inc.*, No. CV20-00587-RSWL-RAOx, 2022 U.S. Dist. LEXIS 128145, at *17 (C.D. Cal. July 18, 2022) (a fine of $250 a day was appropriate to induce compliance, where it provided relief with compliance, and the amount was warranted given lack of information about the defendants' financial resources).

To determine the size and duration of coercive sanctions, the court must consider the "'character and magnitude of the harm threatened by continued contumacy, and the probable effectiveness of any suggested sanction in bringing about the result desired.'" *Whittaker Corp. v. Execuair Corp.*, 953 F.2d 510, 517 (9th Cir. 1992) (quoting *United Mine Workers of Am.*, 330 U.S. at 303-04, 67 S. Ct. 677, 91 L. Ed. 884). "One of the paradigmatic civil contempt sanctions 'is a per diem fine imposed for each day a contemnor fails to comply with an affirmative court order.'" *United States v. Ayres*, 166 F.3d 991, 995 (9th Cir. 1999) (quoting *International Union, UMW v. Bagwell*, 512 U.S. 821, 827, 114 S. Ct. 2552, 129 L. Ed. 2d 642 (1994)).

Here, a per diem fine of $100 dollars or more assessed against both Bundy and Rodriguez respectively, is appropriate. Given that Rodriguez and Bundy continue to ignore the existing Fees Order and Judgment, it is unlikely that a lesser sanction will induce them to comply. *See e.g.*, Jensen Aff., ¶¶ 5-12. St. Luke's Parties respectfully request the Court consider imposing a meaningful per diem sanction.

### D. St. Luke's Parties Are Entitled to Compensatory Sanctions in the Form of Attorney's Fees.

St. Luke's Parties also request the Court issue an order for the payment of their attorney's fees incurred in bringing this Motion as a compensatory sanction.

"A court may award the aggrieved party the attorney's fees and costs incurred in obtaining the finding of contempt as a compensatory contempt sanction." *Harrington v. Tackett*, No. 3:18-cv-00028-CSD, 2022 U.S. Dist. LEXIS 95466, at *2 (D. Nev. May 27, 2022) (citing *Donovan*, 781 F.2d at 684 (quoting *Perry v. O'Donnell*, 759 F.2d 702, 705 (9th Cir. 1985)) (where "the cost of bringing the violation to the attention of the court is part of the damages suffered by the prevailing party[.]"); *see also Gen. Signal Corp.*, 787. F.2d at 1380; *Daimler AG v. A-Z Wheels LLC*, No. 16-CV-875 JLS (MDD), 2022 U.S. Dist. LEXIS 17424, 2022 WL 281580, at *5 (S.D. Cal. Jan. 31, 2022) ("Compensatory sanctions may also take the form of [a party's] attorneys' fees in obtaining the contempt finding."); *and see* 10 Moore's Federal Practice - Civil § 54.171 ("When a party has been adjudged in willful contempt of a court order, attorney's fees may be granted in favor of the party bringing the contempt action."). Courts employ the *Lodestar* method when awarding attorney's fees expended in attaining a contempt award. *See, e.g.*, *Gen. Signal Corp.*, 787 F.2d at 1380.

Should the Court grant this Motion, the St. Luke's Parties ask for an order that Bundy and Rodriguez pay the reasonable attorney's fees actually incurred as a result of having to bring the Motion.

### V. CONCLUSION

Bundy and Rodriguez should be held in contempt and sanctioned by the Court for each of their failures to comply with the Court's clear and definite Fees Order and Judgment. Civil sanctions in the form of daily fines for ongoing non-compliance are necessary and appropriate to

coerce compliance. In addition, St. Luke's Parties request compensatory sanctions in the amount of the reasonable attorney fees and costs incurred in bringing this Motion.

DATED:  March 6, 2024

        HOLLAND & HART LLP


By: */s/Jennifer M. Jensen*
    Erik F. Stidham
    Jennifer M. Jensen
    Zachery J. McCraney

ATTORNEYS FOR RESPONDENTS